## LAMBERT VS. GALLAGHER.

CIRCUIT COURTS: *Jurisdiction of, in contested elections.*
Under chapter 12 of the Civil Code of Practice, circuit courts have jurisdiction in cases of contested elections for the office of sheriff; and such chapter of the code operates as a complete substitution for the sections in Gould's Digest, ch. 62, providing for certain election contests in the county courts.

APPEAL from *Monroe* Circuit Court.

Hon. W. H. CLAYTON, Circuit Judge.

*Hughes & Smith* and *A. H. Garland,* for appellant.

*C. C. Waters* and *Tappan & Horner,* for appellee.

SEARLE, J. This action was brought by the appellant against the appellee, to recover the office of sheriff of Monroe county, under chapter twelve of the Civil Code of Practice. The appellee demurred to the complaint for want of jurisdiction in the circuit court. The court sustained the demurrer and dismissed the complaint, and thereupon this appeal was taken.

The sole question in the case is as to the jurisdiction of the circuit court. The appellant alleged in his complaint, that at the general election held in November, 1872, he was elected to the office of sheriff of said county, over the appellee, but in violation of his rights by virtue of said election, a commission was issued by the governor of the state to the appellee as such sheriff, and that by the authority of said commission he was exercising the functions of said office. This proceeding was clearly intended to be a contest as to the election of the appellee to the office of sheriff, and because it was brought as a contest, it is contended by appellee's counsel that the circuit court had no jurisdiction thereof, under chapter twelve of the civil code.

Said chapter provides remedies against the usurpation of offices and franchises. It is argued that among these remedies cannot be included an election contest, because an election contest goes back of the commission, etc., and that one holding under a commission has a color of right, and is not therefore a usurper. The counsel are mistaken in this. Any person is a usurper who, contrary to, or in violation of law, enters into and holds an office. And this would be the case,

we apprehend, even though he might have color of right, as under a commission, if he were not elected by the people, when such election was necessary; or if not qualified on any other account to hold the office under the law. Unquestionably, then, the provisions of chapter twelve of the civil code contemplate or include proceedings that have for their object a contest in relation to an election. This being the case, the circuit court has jurisdiction of this case.

Another inquiry has been suggested by counsel, and that is as to whether the provisions of this twelfth chapter operate as a repeal of certain sections in chapter sixty-two of Gould's Digest, which provide for certain election contests in the county courts (or before the boards of supervisors, since the abolishment of the county courts). We are inclined to think that they do. This twelfth chapter providing the same remedies that the above mentioned sections of Gould's Digest provide, operates as a complete substitution for the latter, and by force of section 857 of the civil code, the latter are clearly abrogated.

The court below erred in sustaining appellee's demurrer and dismissing this cause for want of jurisdiction; and for this error the cause must be remanded to the court below, with instructions thereto to overrule the demurrer, and to further proceed in this cause according to law and not inconsistent with this opinion.