WOOD *v.* MILLER.

Opinion delivered June 26, 1922.

1. PLEADING—DEMURRER.—On demurrer to a complaint the facts stated therein must be taken as true.

2. OFFICERS—RIGHT TO HOLD OVER.—Where the incumbent of an office is authorized by law to hold over at the expiration of his term until his successor is elected and qualified, the period of his holding over is as much a part of the term as the term of the regular period fixed by law, and he has the legal right to protect his incumbency from one who unlawfully invades it or to sue a usurper to recover it.

3. OFFICERS—DISQUALIFICATION OF STATE REPRESENTATIVE TO HOLD OFFICE.—Under Const., art. 5, § 10, providing that no senator or representative shall, during the time for which he shall have been elected, be appointed or elected to any "civil office under this State," a representative could not be elected during his term of office to the office of municipal judge in a city of the first class, as municipal offices created by statute are civil offices under the State.

Appeal from Jefferson Circuit Court, *W. B. Sorrels,* Judge; reversed.

*Reinberger & Reinberger,* for appellant.

Appellant had the right to maintain the suit, his successor not having been elected and qualified. Acts 1917. Act 209, sec. 3 p. 1127. The period between the expiration of his term and the election and qualification of his successor is as much a part of his term as the fixed statutory period. 14 L. R. A. 858.

Appellee was not eligible to hold the office, as his doing so would contravene art. 5, par. 10 of the Constitution.

The office is a civil office under this State. Words and Phrases, Vol. 2, p. 1198, citing 102 Iowa 639; 41 Mo. 29 and 18 Sou. 157.

*Caldwell, Triplett & Ross, Taylor & Jones, Powell & Alexander,* and *Danaher & Danaher,* for appellee.

The office of municipal judge is not ''an office under this State.'' 72 Ark. 180; 72 Ark. 230.

Appellant had no right to maintain the suit, being in the nature of *quo warranto* proceedings, which can only be brought by the Attorney General. 1 Ark. 279; 27 Ark. 12; 22 L. R. A. (N. S.) 810.

Appellee, assuming to act under an election authorized by law, had color of title to the office and could not be an usurper within the meaning of the statute. 133 Ark. 519, therefore the action could not be maintained under sec. 10326, C. & M. Digest.

McCULLOCH, C. J. This is an action instituted by appellant against appellee in the circuit court of Jefferson County to recover the office of judge of the municipal court of the city of Pine Bluff. The action is founded on the statute commonly known as the usurpation statute, which reads as follows:

''Whenever a person usurps an office or franchise to which he is not entitled by law, an action by proceedings at law may be instituted against him, either by the State or the party entitled to the office or franchise, to prevent the usurper from exercising the office or franchise.'' Crawford & Moses' Digest, sec. 10326.

Appellant was elected to the office in question for a term of two years at the regular municipal election on April 6, 1920, and holds over until his successor is elected and qualified.

Appellee was elected to the office at the regular municipal election on April 4, 1922, and claims the office and the right of exercising the functions thereof under said election.

Appellee was duly elected at the regular election on the............day of November, 1920, as representative from Jefferson County in the General Assembly, and the contention of appellant is that appellee is ineligible to the office of municipal judge by reason of the fact that he was so elected to the office of representative and that the time for which he was elected has not expired.

There is no dispute as to the facts, for the court sustained a demurrer to the complaint, and the facts stated therein must be taken as true.

The Constitution (art. 5, § 10) reads as follows: "No senator or representative shall, during the time for which he shall have been elected, be appointed or elected to any civil office under this State."

The first question presented is, whether or not appellant has the right, under the facts stated, to maintain a suit challenging appellee's right to take the office.

The usurpation statute was a part of the Civil Code of Procedure enacted in 1868, and in the case of *Lambert* v. *Gallagher*, 28 Ark. 451, this court held that the statute was sufficiently broad in its terms and effect to include ordinary election contests for office. Subsequently, exclusive and original jurisdiction in contested election cases for county and township offices was conferred upon county courts (Crawford & Moses' Digest, § 3850), and this court held that the later statute amended the usurpation statute to the extent only that it relates to contested county and township offices, but that it is still in force, as construed in *Lambert* v. *Gallagher, supra,* as to contests for municipal offices where no other jurisdic-

tion is conferred by statute. *Whittaker* v. *Watson,* 68 Ark. 555.

In the case of *Wheat* v. *Smith,* 50 Ark. 266, construing the usurpation statute, this court said: "The design of these provisions is to enlarge the remedy formerly afforded by information in the nature of *quo warranto.* * * * * It opens the way for the person who would have been the relator in an action by the State under the common-law practice to institute the proceedings to test his title to an office in his own name, without leave of court, or the intervention of the State or one of her officials, as a party. * * * * It is operative in so far as it is not inconsistent with the jurisdiction conferred on the county courts."

This is not, in fact, a contest of an election, for, as said in *Wheat* v. *Smith, supra,* there is nothing to contest concerning the result of the election. Appellee was elected, as conceded, but appellant is contesting his eligibility to hold the office, and he has the right to do so.

Where the legal incumbent of an office is authorized by law to hold over after expiration of the term until his successor is elected and qualified, the period of his holding over is as much a part of the term as the regular period fixed by law. *Kimberlain* v. *State* (Ind.), 14 L. R. A. 858. He has the legal right during that period to protect his incumbency from one who unlawfully invades it or to sue an usurper to recover it.

Counsel for appellee rely on the decision in *Ferguson* v. *Wolchansky,* 133 Ark. 516, but that case does not support the contention. That was a contest for the office of school director, and we held that it was a county office within the meaning of the statute conferring jurisdiction on the county court. We held also, in *Condren* v. *Gibbs,* 95 Ark. 478, that a road overseer was a county officer, and that a contest for that office fell within the jurisdiction of the county court. The case of *Lucas* v. *Futrall,* 84 Ark. 540, is also decisive of appellant's right under the statute to bring this action.

Counsel also contend that appellant has surrendered the office to appellee, that he has abandoned the office and thereby relinquished his right to claim it. This is not so under the allegations of the complaint, which must be taken as true for the purpose of testing the sufficiency of the complaint on demurrer.

This brings us to consideration of the question whether or not appellee is eligible to the office of judge of the municipal court.

Counsel for appellee rely on the decisions of this court in *Murphy* v. *Townsend,* 72 Ark. 180, and *Peterson* v. *Culpepper,* 72 Ark. 230. In each of those cases there was involved the right of a person to hold a county office and a municipal office at the same time. The court decided in each case that there was no incompatibility in the discharge of the duties of the two offices, and that the Constitution did not prohibit it. These cases involved the application of a clause of the Constitution (art. XIX, § 6) which provides that no person "shall hold or perform the duties of more than one office in the same department at the same time." The effect of the language used in those opinions must, of course, be confined to the question involved in the cases for decision. We are now dealing with a provision of the Constitution altogether different from the one quoted above. It applies only to senators and representatives in the General Assembly and provides that they shall not, during the time for which they shall have been elected, "be appointed or elected to any civil office under this State."

The purpose of this provision of the Constitution is plain. In many of the States the Constitution merely prohibits legislative representatives, during their terms, from holding an office created during that term, or where the salary of the office is increased during the term. But the language of our Constitution is broader. There is no uncertainty about what constitutes a civil office within the meaning of the Constitution. Our own decisions define it. *Lucas* v. *Futrall, supra.* "A civil office is a grant

and possession of the sovereign power." *State* v. *Spaulding,* 102 Iowa, 639.

The Supreme Court of Mississippi, in the case of *Shelby* v. *Alcorn,* 36 Miss. 273, held that under a provision of the Constitution identical with our constitutional provision on that subject, a member of the Legislature could not, during his term, hold the office of levee inspector, and in the opinion said: "It follows, hence, that whether an office has been created by the Constitution itself, or by statute enacted pursuant to its provisions, the incumbent, as a component member of one of the bodies of the magistracy, is vested with a portion of the power of the government, whether the portion of the power of the government which he is thus entitled to exercise is legislative, judicial, or executive in its character."

Mr. Mechem in his work on Public Officers (§ 24) says: "Any officer who holds his appointment under the government * * * is a civil officer."

The words "under this State," as used in the Constitution, mean under the laws of this State or by virtue of or in conformity with the authority conferred by the State as sovereign. It embraces all offices created by the laws of the State as contradistinguished from other authority. Municipal offices are created by the statutes of the State and are therefore civil offices "under this State."

Our conclusion is that appellee is ineligible to hold the office in controversy.

The judgment of the circuit court is therefore reversed and the cause is remanded, with directions to overrule the demurrer, and for further proceedings.