MOORMAN *v*. TAYLOR.

5-1208                                    297 S. W. 2d 103

Opinion delivered January 7, 1957.

*Thomas E. Downie,* for appellant.

*Wayne W. Owen,* for appellee.

GEORGE ROSE SMITH, J.   The 1956 general election was held on November 6.   Wylie Perry, in order to qualify as an independent candidate for alderman of the third ward in Little Rock, filed with the county board of election commissioners, on September 21, 1956, a petition signed by forty-seven electors.   Perry based his action upon Act 30 of 1891, which requires that such a petition contain from ten to fifty signatures.   Ark. Stats. 1947, § 3-261.   The present suit to enjoin Perry's certification as an independent candidate was brought by the appellee, who contends that Act 352 of 1955 requires the petition to be signed by fifteen percent of the qualified electors in the city.   Ark. Stats., § 3-837.

The chancellor upheld the appellee's contention and enjoined the county board from placing Perry's name on the ballot.   The defendants immediately appealed to this court, and, at a preliminary hearing held before the case was ready for submission, we set aside the trial court's order and directed that Perry's name appear on the ballot.   Although Perry was defeated by the Democratic nominee for the office, it is not our practice to

dismiss such cases as moot, for the public interest demands that substantial questions concerning the election laws be set at rest. *Cain* v. *Carl-Lee,* 171 Ark. 155, 283 S. W. 365.

The 1891 act applies by its express language to nominees for offices of the State, district, county, township, and ward of a city or town. The 1955 statute is not equally far-reaching in its terms, as it mentions only State, county, and district offices. Hence a comparison of the two statutes indicates pretty clearly that the legislature did not mean for the later act to be as comprehensive as the earlier one.

The appellee argues, however, that the word "district" is not an exact term and may include a city as well as a senatorial district, a chancery district, etc. Any uncertainty that exists is completely dispelled when the legislative history of the 1955 act is examined. As originally introduced in the legislature, the bill which became Act 352 applied to city offices as well as to those of the State, a county, or district. Before its final passage the bill was amended to delete the word "city" wherever it appeared. House Journal, 1955, p. 394. We certainly should not read into the act by implication a provision that the legislature itself expressly eliminated. *Mayo* v. *American Agricultural Chem. Co.,* 101 Fla. 279, 133 So. 885; *Grasso* v. *Cannon Ball Motor Freight Lines,* 125 Tex. 154, 81 S. W. 2d 482.

The decree is reversed and the appellants are awarded their costs, but the cause need not be remanded.

CARLETON HARRIS, C. J., not participating.