MARTIN *v.* HICKEY.

5-2102                                    334 S. W. 2d 667

Opinion delivered April 25, 1960.

*J. Kenton Cochran,* for appellant.

*Williams & Gardner,* for appellee.

JIM JOHNSON, Associate Justice. This appeal seeks to determine whether Chancery Court has jurisdiction to hear a petition to challenge the sufficiency of a joint petition of independent candidates to place their names on the ballot for a general election to be held in an incorporated town.

The appellants are ten qualified electors and taxpayers of the incorporated town of London, Pope County. They filed in the Pope County Chancery Court a petition to challenge the joint petition of a slate of independent candidates who sought the elective offices in the town of London. The challenge was filed under the provisions of Ark. Stats., § 3-839, (Act 352 of 1955). There was no primary election conducted by any political party. Appellants allege that the independent candidates did not comply with the Arkansas Statutes, including the payment of filing fees, and the petition is a nullity. The appellants further seek to restrain appellees, the Board of Election Commissioners, from certifying the election results based upon the joint petition of the independent candidates.

Upon demurrer by appellees, the Pope County Chancellor held that the Chancery Court did not have jurisdiction to hear the challenge. This appeal followed.

The only point relied upon by appellants for reversal is that the Chancery Court erred in refusing to accept jurisdiction.

Section 3-839, Ark. Stats. reads as follows:

"Challenge of Petition. The sufficiency of any petition filed under the provisions of this Act (Sec's. 3-836 —3-840, same being Act 352 of 1955), may be challenged in the same manner as provided by law for the challenging of initiative and referendum petitions."

The manner provided by law for the challenging of initiative and referendum petitions is set out in Ark. Stats., § 2-314, (Act 4, Sec. 13 of 1935). This section expressly confers upon any ten qualified electors and taxpayers of the county the right to contest the returns and certification of the vote cast, said contest to be brought in the Chancery Court within sixty (60) days.

Appellants' petition charging serious defects and irregularities in appellees' petition for the nomination of independent candidates appears on its face to have been filed in the proper court in compliance with the terms of Act 352 of 1955. Without further research we would have no choice but to agree with appellants' contention that Chancery Court had jurisdiction to hear the challenge. However, upon further research we find that this Court had occasion to pass upon the applicability of the Act here in question in the case of *Moorman* v. *Taylor*, 227 Ark. 180, 297 S. W. 2d 103. There the Court said:

". . . Any uncertainty that exists is completely dispelled when the legislative history of the 1955 act is examined. As originally introduced in the legislature, the bill which became Act 352 applied to city offices as well as to those of the State, a county, or district. Before its final passage the bill was amended to delete the word 'city' wherever it appeared. House Journal, 1955, p. 394. We certainly should not read into the act by implication a provision that the legislature itself expressly eliminated. *Mayo* v. *American Agricultural Chem. Co.*, 101 Fla. 279, 133 So. 885; *Grasso* v. *Cannon*

*Ball Motor Freight Lines,* 125 Tex. 154, 81 S. W. 2d 482.''

Our research further revealed that Act 352 of 1955 was amended by Act 205 of 1957. We are unable to find anything in this amendatory act that would indicate the legislature intended to include cities in the terms of the act. Therefore, since this Court has expressly held that Act 352 of 1955 does not apply to cities or town and since jurisdiction with respect to challenge or contest of municipal offices is not expressly or by implication placed elsewhere, the Circuit Court, under Art. 7, Sec. 11 of the Constitution has residuary jurisdiction. See: *Whittaker* v. *Watson,* 68 Ark. 555, 60 S. W. 652; *State* v. *Tyson,* 161 Ark. 42, 255 S. W. 289; and *Wood* v. *Miller,* 154 Ark. 318, 242 S. W. 573.

In the words of the Court in *Purdy* v. *Glover,* 199 Ark. 63, 132 S. W. 2d 821, we held that:

''Since the contest was not instituted in the Court having jurisdiction of the subject matter, the demurrer to the complaint was properly sustained.''

Affirmed.