PIRTLE *v.* DALMASSO

5-3927                    403 S. W. 2nd 740

Opinion delivered June 6, 1966

1064

*G. Thomas Eisele,* for appellant.

*John D. Thweatt* and *James M. Thweatt,* for appellee.

OSRO COBB, Justice. Acting upon the premise that no legally-constituted County Republican Committee existed in Prairie County, the Republican State Central Committee purportedly called a special Republican primary election to be held in said county on September 7, 1965, to elect a County Central Committee and for other purposes. The following notice was published in Prairie County on August 5 and again on August 12, 1965:

"CITIZENS OF PRAIRIE COUNTY:

"All persons desiring to be Republican candidates for public office or Republican candidates for County Committeeman, and Delegates and Alternate Delegates to the County Convention, shall pay their ballot fees to Mrs. Jerry Pirtle, Des Arc.

"Filing deadline to be 12:00 Noon, August 14, 1965.

"Election to be held September 7, 1965."

On August 24, 1965, appellee filed a petition in the chancery court charging:

"... that the acts of the defendants in calling and in attempting to conduct a special primary election in Prairie County, Arkansas, prior to the date of the regular Republican Party Primary Election to be held in 1966 is without authority under the laws of the State of Arkansas and the rules of the Republican Party of the State of Arkansas; that the statutes of the State of Arkansas and the procedures for calling and conducting party primary elections prescribed by the Statutes of the State of Arkansas have been violated by the defendants in calling said special primary election and in attempting to conduct same and that the holding of said special primary election should be enjoined and restrained by this court, and the defendants should be enjoined individually, collectively and in their respective capactities as officers and representatives of the Republican Party of the State of Arkansas from conducting or attempting to conduct said primary election."

Appellee further alleged in his complaint:

(a) That he is a life-long Republican.

(b) That he was serving as vice-chairman of the Republican County Committee in Prairie County in 1963 when the chairman, J. R. Harvey, died.

(c) That he has served in the capacity of County Chairman since 1963.

(d) That the regular Republican party primary election was held in 1964, at which time candidates for positions on said County Committee were unopposed.

(e) That at the last general election appellee did not see fit to utilize his entire political energy in sup-

port of the Republican nominee for governor to the exclusion of the Republican nominee for president of the United States, which attitude incurred the wrath of appellants, all of whom are exclusively interested in the political welfare of the individual nominee for governor.

(f) That he has served continuously since 1963 as the Republican member of the County Board of Election Commissioners.

Appellants, in answering the allegations of appellee, stated in their answer:

(a) That they did not have information sufficient to form a belief as to appellee being a life-time Republican.

(b) That appellee has not represented the interests of the Republican Party or furthered the interests of said party in Prairie County.

(c) That they admit that the Republican Party does not recognize appellee as a Republican Party Committeeman or as the chairman of the Republican Party Committee of Prairie County.

(d) That they admit they contend appellee should not be permitted to serve in such capacities or to represent the Republican Party on the Prairie County Board of Election Commissioners.

(e) That the calling of the said special Republican primary election in Prairie County was valid under the rules of the party and under the laws of the state of Arkansas.

Appellants prayed for dismissal of the complaint.

On September 29, 1965, a hearing was conducted which included taking the testimony of Truman Altenbaumer, Executive Director of the Republican State Committee, that of appellee, and that of Billy M. Garth,

Circuit and County Clerk of Prairie County. The Rules of the Republican Party, adopted by the Republican State Convention of 1962, were offered in evidence, along with other exhibits as to filings in the Republican primary in said county for the primary election of 1964.

Following said hearing the chancellor, on October 22, 1965, entered the following decree:

"On this 29th day of September, 1965, this cause coming on to be heard, come the plaintiff, Joe Dalmasso, in person and by his attorneys, John D. Thweatt, James M. Thweatt, and Sam A. Weems, and the defendants in person and by their attorney, G. Thomas Eisele. All parties announcing ready for trial, the Court heard oral evidence, argument of Counsel, and being fully advised as to the law and facts, the Court does find: That there was in existence in Prairie County during the period in question a duly elected, qualified and acting Republican Party Central Committee; that the applicable law requires that any vacancies subsequently occurring in the Committee shall be filled by the Committee itself; and that any special primary election conducted by the defendants for the purpose of filling vacancies in the Prairie County Republican Party Central Committee prior to the regular party primary elections to be held in July, 1966, would be contrary to the Statutes of the State of Arkansas and should be enjoined.

"It is thereupon considered, ordered, adjudged and decreed by the Court that the temporary injunction of this Court prohibiting the defendants from holding the special primary election scheduled for September 7, 1965, be made permanent, and the defendants are hereby permanently restrained and enjoined from holding any special Republican Party primary election in Prairie County, Arkansas, prior to the regular primary elections to be held in July, 1966; and that the plaintiff have and recover of the defendants his costs herein expended."

From this adverse decree appellants are here on appeal. Appellants urge:

(1)  That there was no evidence to support the decree.

(2)  That there was no evidence to support appellee's claim that he is chairman of the Prairie County Republican Committee.

(3)  That the Republican Party was entitled to conduct the special primary election pursuant to its own rules.

(4)  That if there were in existence a Prairie County Republican Committee, the method of filling vacancies thereon as contemplated by the party rules is a lawful and reasonable way to accomplish this result.

(5)  That, assuming that there was in existence a lawful County Republican Committee, it and appellee failed to exercise and exhaust the remedies provided by the party rules for challenging the holding of a special primary election, and therefore are estopped from doing so now.

We first discuss appellants' point 3, inasmuch as our conclusion as to this point is dispositive of the case on appeal. The Rules of the Republican Party, § 23 (b), under which the special primary election was purportedly called, provides as follows:

> "In all special primary elections, the State Chairman shall, subject to approval of the State Executive Committee, appoint a representative *who shall conduct the election in accordance with the laws of the state of Arkansas.*" (Italics ours.)

Ark. Stat. Ann. § 3-216 (Repl. 1956) provides as follows:

> "*General primaries—Time for holding—Special*

*primaries.*—The primary elections of all political parties shall be held on the second Tuesday in August preceding the general election. Special primary elections may be called to fill vacancies and this law shall govern the same as far as applicable. [Init. Measure of 1916, No. 1, § 2, Acts 1917, p. 2287; Acts 1919, No. 19, § 1, p. 11; C. & M. Dig., § 3758; Pope's Dig., § 4722]''

Ark. Stat. Ann. § 3-205 (Supp. 1965) relates to party pledges, time of filing, ballot fees, etc. in connection with legalized primary elections, and we quote therefrom:

"*Party pledges—Time for filing—Ballot fees.—* . . . All candidates for county and township offices shall file any such pledge required with the Secretary of the County Committee not later than 12 o'clock noon on the ninetieth day before said election and shall pay the ballot fees prescribed for said office not later than the ninetieth day before said election."

The Rules of the Republican Party, § 12 (d), made a part of the record in this case, provides as follows:

"The Chairman of the County Committees shall cause to be published once a week for two (2) consecutive weeks in a newspaper of general circulation within their respective counties, not earlier than one hundred twenty (120) days prior to the date of the preferential primary nor later than the one hundredth (100th) day before the preferential primary, notice of the name and address of the Secretary of the County Committee with whom all persons desiring to be Republican candidates for public office or Republican candidates for County Committeeman, and delegates and alternate delegates to the County Conventions shall pay their ballot fees, such notice to state the last day and hour on which such candidates may legally qualify."

Appellants do not contend that the rules of the Republican Party supersede the statutory law of Arkansas in the holding of primary elections.

Appellants urge us to reverse the decree of the chancellor and "to make clear that the time schedules provided for general party primaries 'are not applicable' to special primaries and that political parties may proceed with the latter upon reasonable notice and under reasonable time schedules as ascertained by the political parties as one of its own prerogatives." Appellants cite no case authority from this court or from any other jurisdiction supporting this contention. Indeed there is no language contained in the Arkansas statutes cited above from which we can find that the legislature intended that any provision of our present election statutes should not apply to both special and general primary elections. We have concluded that had the legislature so intended it would have expressly so provided, and it certainly did not do so in Ark. Stat. Ann. §§ 3-205 to -216, *supra,* which make no distinction between special primaries as contrasted with general primaries.

We have concluded that the calling of this special primary election upon published notice of only 33 days prior to the date of the election did not comply with our election statutes, which require candidates in such an election to file and qualify 90 days before the election, which was an impossibility in this case, and that the decree of the chancery court so finding should be affirmed.

Inasmuch as we are holding that the primary election was not called in accordance with the statutes of Arkansas, we find it unnecessary to discuss at length the other points raised by appellants on this appeal.

In cases reaching us involving elections we frequently decide questions which would be moot under the same circumstances in normal litigation. We do this for the reason that the public interest requires that substantial questions concerning the election laws be set at rest with-

out delay. *Moorman* v. *Taylor*, 227 Ark. 180, 297 S. W. 2d 103 (1957); *Cain* v. *CarlLee*, 171 Ark. 155, 283 S. W. 365 (1926).

During the oral argument in this case, counsel for appellants stated that the regular Republican primary for 1966 had been called in Prairie County and that representatives of both factions of the party in said county had filed as opposing candidates for election to positions on the Republican County Committee. It thus appears that a primary election will shortly be held which will settle the question of party leadership in Prairie County.

Appellants indicate concern as to the exact places in which the 1966 Republican primary may or must be held in Prairie County. Ark. Stat. Ann. § 3-204 (Supp. 1965) provides that primary elections of each political party shall be held at the same place and on the same day. In *Newton County Republican Central Comm.* v. *Clark*, 28 Ark. 965, 311 S. W. 2d 774 (1958), we said:

> "The words in the Act do not mean that there will necessarily be held a balloting in the same *room*. The words 'same place' could mean in the same general locality. Certainly the requirements would be satisfied if in one room of a building there were the officials and ballot boxes for holding the Republican Primary, and in another room there were the officials and ballot boxes for holding the Democratic Primary."

Appellants express concern over the procedure to be followed in selecting judges and clerks at the various precincts for said general Republican primary election. Ark. Stat. Ann. § 3-220 (Repl. 1956) provides in part as follows:

> "*Disagreement of central committee as to appointment of judges and clerks—Procedure.*—Hereafter, whenever the members of the Central Committee shall not agree unanimously on the appointment of the judges and clerks to serve in any primary election, in any precinct, then in that case, the minority

shall have the right to appoint one [1] judge and one [1] clerk to serve in each precinct, and the majority shall have the right to appoint only two [2] judges and one [1] clerk in each such precinct ..."

While this statute is not directly applicable to the factional situation existing in Prairie County as reflected by the record in this case, appellants not being represented on the contested County Committee as presently constituted, it may nevertheless be of some benefit to the parties in arriving at an agreed distribution as to the appointment of judges and clerks for the forthcoming primary election.

The task of selecting judges and clerks to serve in all of the voting precincts of Prairie County for the Republican primary election in 1966 could be a formidable one in a county where said party has not heretofore held a contested primary election. It may well require the joint efforts of both factions of the party in Prairie County in order to adequately man the precincts with such election officials. Furthermore, our election statutes clearly contemplate that no faction of an organized political party will be captiously disregarded in such matters.

We conclude that the call of said special primary election, published some 33 days before the proposed election on September 7, 1965, was not in compliance with our mandatory election statutes and was contrary thereto, and thus of no effect. We therefore further conclude that the action of the trial court in entering its decree enjoining and restraining the holding of said election should be affirmed, and the case is affirmed on said basis.