The Honorable Mike Beebe State Senator 211 West Arch Searcy, Arkansas 72143
Dear Senator Beebe:
This opinion is being issued in response to your recent question regarding the validity of a marriage under certain conditions. You have described a scenario in which a marriage license was purchased in White County, the minister's ordination was recorded in White County, and the marriage ceremony was performed in the country of Italy, more than sixty days after purchase of the license.
With this scenario as a background, you have presented the following questions:
 (1) Would a marriage under these conditions be legal under Arkansas law?
 (2) If the ceremony were performed within sixty days, would the marriage be legal?
 (3) If a marriage is performed outside the boundaries of Arkansas, what are the duties of the County Clerk with regard to recording the license?
RESPONSE
Question 1 — Would a marriage under these conditions be legal underArkansas law?
It is my opinion that a marriage under the conditions that you have described would be legal under Arkansas law.
Location of the Marriage Ceremony
Arkansas law does not require that marriages be solemnized in the county where the license is issued, the county where the minister's clerical credentials are registered, or even in the state of Arkansas. The statutes set forth no requirements as to the location in which the marriage must be solemnized.
The Arkansas Supreme Court has held that in interpreting legislation, it is inappropriate to read into an act a provision that the legislature has omitted. See Martin v. Hickey, 232 Ark. 121, 334 S.W.2d 667 (1960);Moorman v. Taylor, 227 Ark. 180, 297 S.W.2d 103 (1957). The Court has also held that a forced construction of legislation for the purpose of extending its meaning is also inappropriate. See Tillery v. MeadowsConst. Co., 284 Ark. 241, 681 S.W.2d 330 (1984).
I must therefore conclude that the legislature's silence on the issue of the location of the solemnization of marriages indicates an intent not to provide for a required location. Accordingly, it is my opinion that a marriage that is otherwise in compliance with Arkansas' statutory requirements is legal regardless of the location in which it is solemnized.
The Sixty-Day Time Period
Although the statutes require that the marriage license be returned to the office of the county court clerk within sixty days from the date of the license (which, of course, assumes that the marriage was solemnized within those sixty days), see A.C.A. § 9-11-218, a failure to do so does not have the effect of rendering the marriage void.
The Arkansas Supreme Court has held that the laws governing marriage licenses are directory rather than mandatory,[1] and that a failure to comply strictly with those laws does not have the effect of invalidating a marriage. For example, in DePotty v. DePotty, 226 Ark. 881,295 S.W.2d 330 (1956), the parties obtained a marriage license in Texas, but were married in Arkansas by a duly qualified minister. The marriage complied in all respects with Arkansas law except that the parties never obtained an Arkansas marriage license. It was contended that the marriage was void because of the failure to obtain an Arkansas license as required by Arkansas law. The court rejected the argument, stating: "[W]e have no statute providing that a marriage is void where no license is obtained."Id. at 882. The court upheld the validity of the marriage. In Estate ofWright v. Vales, 1 Ark. App. 175, 613 S.W.2d 850 (1981), the couple in question never obtained a marriage license at all. Again it was contended that the marriage was therefore void. The Arkansas Court of Appeals held the marriage to be valid. In both cases, the courts noted that the statutes setting forth the requirements relating to marriage licenses are directory rather than mandatory, and that a failure to comply strictly with those statutes does not render a marriage void.
On the basis of these authorities, I conclude that although Arkansas law requires the return of marriage licenses within sixty days, a failure to comply with that requirement does not invalidate the marriage, there being no statute providing that a failure to return the license within sixty days renders the marriage void. The language of the statute in question appears to indicate that the failure to return the license within the sixty-day time period merely has the effect of causing the bond that was given by the parties pursuant to A.C.A. § 9-11-210 to remain in effect. See A.C.A. § 9-11-218(b). The fact that the statute expressly provides for the bond to remain in effect, rather than acted upon, further indicates a legislative intent for the parties to be able to solemnize the marriage after the sixty-day time period.
It is therefore my opinion that the failure to return the license within sixty days does not affect the validity of the marriage.
Question 2 — If the ceremony were performed within sixty days, would themarriage be legal?
Yes. See response to Question 1.
Question 3 — If a marriage is performed outside the boundaries ofArkansas, what are the duties of the County Clerk with regard torecording the license?
It is my opinion, for the reasons stated in response to Question 1, that the location in which a marriage is solemnized does not affect its validity. Therefore, if the County Clerk is presented with a marriage license representing a marriage that was solemnized outside the boundaries of Arkansas, the Clerk's duties with regard to recording that license would be the same as with a license representing a marriage that was solemnized within the boundaries of Arkansas, as set forth in A.C.A. § 9-11-220.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] The court has held otherwise (i.e., that the marriage statutes are mandatory and not directory) in addressing attempts to establish common law marriages in Arkansas. See, e.g., Furth v. Furth, 97 Ark. 272,133 S.W.2d 1037 (1911). Although common law marriages cannot be created in Arkansas, Arkansas will recognize the validity of common law marriages legally established under the laws of another jurisdiction. Brissett v.Sykes, 313 Ark. 515, 855 S.W.2d 330 (1993); A.C.A. § 9-11-107.