Mr. Dale Langston, Director Assessment Coordination Division Public Service Commission 1614 West Third Little Rock, Arkansas 72201
Dear Mr. Langston:
This opinion is being issued in response to your recent question regarding the countywide reappraisals that are referenced in A.C.A. §§26-26-401 and -402. You have presented the following questions:
 (1) Assuming that the county is performing a "comprehensive" reappraisal (including real, personal, agricultural, and timber property), but the reappraisal will take place over a period of greater than one year, is such a reappraisal a "comprehensive countywide reappraisal" for the purposes of invoking A.C.A. § 26-26-401 and -402 so that the rollback/adjustment provisions apply?
 (2) If a countywide reappraisal may take place over more than one year, may the rollback/adjustment provision be invoked before the end of the reappraisal, or must the county wait until the appraisal is complete to apply the rollback?
 (3) If the rollback provisions are invoked at the end of the reappraisal, for which years do the rollback provisions apply (the last year only, or all previous years of the reappraisal)?
RESPONSE
Question 1 — Assuming that the county is performing a "comprehensive"reappraisal (including real, personal, agricultural, and timberproperty), but the reappraisal will take place over a period of greaterthan one year, is such a reappraisal a "comprehensive countywidereappraisal" for the purposes of invoking A.C.A. § 26-26-401 and -402 sothat the rollback/adjustment provisions apply?
It is my opinion that a "comprehensive countywide reappraisal," within the meaning of A.C.A. § 26-26-401 et seq. can be conducted over a period of more than one year and still invoke the rollback provisions of those statutory sections.
Before setting forth the basis of this conclusion, I must note that I have recently opined that a countywide reappraisal that is conducted pursuant to Act 758 of 1995 [A.C.A. § 26-26-305] does not fall within the provisions of A.C.A. § 26-26-401, and therefore does not trigger the rollback provisions. See Op. Att'y Gen. No. 96-188, a copy of which is enclosed. This conclusion was not based upon the fact that Act 758 allows reappraisals to be conducted over a period of more than one year, but rather, was based upon the fact that in passing Act 758 of 1995, the General Assembly, pursuant to the authority granted in Amendment 59, expressly excepted this type of reappraisal from the operation of Amendment 59.
It is my opinion that the period of time over which a reappraisal is conducted has no bearing on whether or not the rollback provisions are triggered. The triggering factors are: (1) qualification as one of the four circumstances listed in A.C.A. § 26-26-401 (the implementing legislation for Amendment 59); and (2) an increase over the previous year of ten percent or more in the aggregate value of taxable property in any taxing unit.
Neither the language of Amendment 59 [Article 16, § 14] nor the provisions of A.C.A. § 26-26-401 et seq., requires that the reappraisal referenced therein be conducted over any particular period of time. Indeed, the language of A.C.A. § 26-26-402(a)(5), by referring to "the year in which a county completes reassessment," (emphasis added) appears to contemplate the possibility that the reassessment could take a longer period of time.
The Arkansas Supreme Court has held that in interpreting legislation, it is inappropriate to read into an act a provision that the legislature has omitted. See Martin v. Hickey, 232 Ark. 121, 334 S.W.2d 667 (1960);Moorman v. Taylor, 227 Ark. 180, 297 S.W.2d 103 (1957). The Court has also held that a forced construction of legislation for the purpose of extending its meaning is also inappropriate. See Tillery v. MeadowsConst. Co., 284 Ark. 241, 681 S.W.2d 330 (1984).
I must therefore conclude that the legislature's silence on the issue of the period of time over which a reappraisal must be conducted indicates an intent not to impose any particular required time period.
Accordingly, it is my opinion that if, for some reason, a countywide reappraisal that is conducted pursuant to one of the four conditions listed in A.C.A. § 26-26-401 should take more than one year, and it results in an increase of ten percent or more in the aggregate value of taxable property in any taxing unit, the rollback provisions of A.C.A. §26-26-401 et seq. and Amendment 59 will be triggered.
Question 2 — If a countywide reappraisal may take place over more thanone year, may the rollback/adjustment provision be invoked before the endof the reappraisal, or must the county wait until the appraisal iscomplete to apply the rollback?
This question brings to light an ambiguity in the language of A.C.A. §26-26-402(a), which is part of the implementing legislation for Amendment 59. An ambiguity exists where statutory language is susceptible of more than one interpretation. Russellville Canning Co. v. American Can Co.,87 F.Supp. 484 (1950), rev'd on other grounds, 191 F.2d 38. I find the language of A.C.A. § 26-26-402(a)(1) to be ambiguous in that it could be interpreted to require waiting until the end of the reappraisal before invoking the rollback provisions, or it could be interpreted to allow invoking the rollback provisions when a particular taxing unit's portion of the reappraisal has been completed.
Because of the existence of this ambiguity, your question cannot be answered definitively, and it will ultimately be necessary for the matter to be clarified either by a court or by the legislature.
Nevertheless, the Arkansas Supreme Court has provided some guidelines for interpreting ambiguous legislation. The court has held that where an ambiguity exists in statutory language, it is appropriate to ascertain the legislative intent and to interpret the language in accordance with that intent. Death and Permanent Total Disability Fund v. HempsteadCounty, 304 Ark. 438, 803 S.W.2d 527 (1993).
Applying that principle of statutory interpretation to the provisions of A.C.A. § 26-26-402(a), and in attempting to determine the intent behind the legislation, it is pertinent to recall that A.C.A. § 26-26-401 etseq. is the implementing legislation for Amendment 59 to the Arkansas Constitution. The Arkansas Supreme Court has engaged in a consideration of the purpose of Amendment 59, and has concluded that the Amendment's purpose was to assure an equalization of assessments and millage rates and to prevent taxing units from receiving more than a ten percent increase in tax collections for any one year. See Crane v. Newark Sch. Dist. No.33, 303 Ark. 650, 799 S.W.2d 536 (1990); Clark v. Union Pac. R.R.,294 Ark. 586, 745 S.W.2d 600 (1988). The court's conclusion is consistent with the indication of legislative intent that is set forth in A.C.A. §26-26-402(a)(2). That language states: "The adjustment or rollback of tax rates or millage . . . shall be designed to assure that each taxing unit will receive an amount of tax revenue from each tax source no greater than ten percent (10%) above the revenues received during the previous year from each tax source. . . ."
These authorities appear to indicate that the purpose of A.C.A. §26-26-401 et seq. and Amendment 59 was to prevent any taxing unit from receiving a revenue increase of 10 percent or more over the previous year. For this reason, it might reasonably be concluded that if counties were allowed to reassess certain property and adjust taxes thereon in such a way that the taxing units received an increase in revenues of ten percent or more over the previous year, but were required to wait until the end of a multi-year reappraisal to apply the rollback provisions, this purpose of A.C.A. § 26-26-401 et seq. and of Amendment 59 would be defeated. That is, the taxing units would, in fact, receive an increase in revenues of more than ten percent from one year to the next.
It is therefore my opinion that if a countywide reappraisal is conducted over a period of more than one year, and if it is a reappraisal that is governed by the rollback provisions of Amendment 59, the county may invoke the rollback provisions for the completed portions of the reappraisal before the completion of the entire reappraisal. However, I note that this approach could well give rise to considerable dissension among the taxing units, and that for this reason, as well as those noted above, this is a matter that must be judicially or legislatively clarified.
Question 3 — If the rollback provisions are invoked at the end of thereappraisal, for which years do the rollback provisions apply (the lastyear only, or all previous years of the reappraisal)?
Because I have opined that the rollback provisions may be invoked prior to the end of the countywide reappraisal, this question is moot.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh