The Honorable John Norman Harkey Circuit Judge Sixteenth Judicial District P.O. Box 2656 Batesville, Arkansas 72503
Dear Judge Harkey:
I am writing in response to your request for an opinion on the following question:
 Please advise whether a current member of the Arkansas House of Representatives may also legally serve, in view of Article 5, Section 10 of the Arkansas Constitution, as a city attorney for an incorporated town in Arkansas.
RESPONSE
In my opinion the appointment or election of a sitting member of the Arkansas House of Representatives as city attorney of an incorporated town violates Article 5, § 10 of the Arkansas Constitution.
The relevant constitutional provision states:
 No Senator or Representative shall, during the term for which he shall have been elected, be appointed or elected to any civil office under this State.
The obvious question thus becomes whether the position of city attorney for an incorporated town is a "civil office under this state."
As stated by the Arkansas Supreme Court in Haynes v. Riales,226 Ark. 370, 290 S.W.2d 7 (1956):
 An apt definition [of a "civil office] is given by the Supreme Court of the United States in the case of United States v. Hartwell, 6 Wall. 385, as follows: `An office is a public station or employment, conferred by the appointment of government, and embraces the ideas of tenure, duration, emolument, and duties.'
 The same court, in Hall v. Wisconsin, 103 U.S. 5 said: `Where an office is created, the law usually fixes the compensation, prescribes its duties, and requires that the appointee shall give a bond with sureties for the faithful performance of the service required.'
226 Ark. at 374.
In a more recent case, State Board of Workforce Education v. King,336 Ark. 409, 985 S.W.2d 731 (1999), the Arkansas Supreme Court noted:
 We have had occasion over the years to interpret this constitutional provision as applied to certain official positions occupied by state senators or representatives apart from their duties as members of the General Assembly. See, e.g., Martindale v. Honey, 259 Ark. 416, 533 S.W.2d 198 (1976) (deputy prosecuting attorney); Harvey v. Ridgeway, 248 Ark. 35, 450 S.W.2d 281 (1970) (delegate to the Constitutional Convention); Starnes v. Sadler, 237 Ark. 325, 372 S.W.2d 585 (1963) (member of State Board of Pardons and Paroles and Board of Southern State College); Jones v. Duckett, 234 Ark. 990, 356 S.W.2d 5 (1962) (County Election Commissioner); Smith v. Faubus, 230 Ark. 831, 327 S.W.2d 562 (1959) (member of State Sovereignty Commission); Fulkerson v. Refunding Board of Arkansas, 201 Ark. 957, 147 S.W.2d 980 (1941) (member of Refunding Board); Wood v. Miller, 154 Ark. 318, 242 S.W. 573
(1922) (municipal judge). In each case, except for the election to the Constitutional Convention, the position was deemed to be a civil office. Early on, we cited with approval a definition of "civil office" offered by the Iowa Supreme Court: "A civil office is a grant and possession of the sovereign power." Wood v. Miller, 154 Ark. at 322-323, 242 S.W. at 575, citing State v. Spaulding, 72 N.W. 288 (Iowa 1897). Sovereign power is the authority of the State to act. Black's Law Dictionary 1396 (6th ed. 1990). Later, we wrote that a civil office is "an office created by civil law within one of the only three branches of government provided for under the present Constitution of this state." Harvey v. Ridgeway, 248 Ark. at 46, 450 S.W.2d at 287.
Id. at 416.
It is clear that the Article 5, § 10 prohibition can pertain to municipal, as well as state offices. In Wood v. Miller, supra, the court stated:
 The words "under this State," as used in the Constitution, mean under the laws of this State or by virtue of or in conformity with the authority conferred by the State as sovereign. It embraces all offices created by the laws of the State as contradistinguished from other authority. Municipal offices are created by the statutes of the State and are therefore civil officer "under this State."
154 Ark. at 323 (state representative prohibited by art. 5, § 10 from assuming office of municipal judge of city of the first class).
The office of city attorney is governed in large part by the provisions of A.C.A. § 14-42-112 (Repl. 1998) as follows:
 (a)(1) All cities of the second class and incorporated towns within the State of Arkansas may elect a municipal attorney at the time of the election of other officers of these cities of the second class and incorporated towns, if it is not established by ordinance that the office of the city attorney will be appointed.
 (2) All municipal attorneys elected under the provisions of this section shall be regularly licensed attorneys of this state. When no attorney resides within the limits of the city or town or when no resident attorney has been elected as municipal attorney, the mayor and city or town council may appoint any regularly licensed attorney of this state to serve as the municipal attorney.
 (b) Any municipal attorney elected or appointed under the provisions of this section shall subscribe to the oath of office as all other officers of these cities or towns.
 (c) All municipal attorneys are authorized to file information for the arrest of any person for the violation of any ordinance of the city or town or of the laws of this state which are violated within the limits of the city or town.
 (d)(1) The duties of the municipal attorney shall be to represent the city or town in all actions, both civil and criminal.
(2)(A) It shall be the duty of the municipal attorney to:
(i) Advise with all city or town officials at any time needed;
(ii) Prepare all legal papers, blank forms, etc.;
 (iii) File a complete report of his work with the city or town council at the end of each year; and
 (iv) If requested to do so, furnish all information in his possession to the state courts for the prosecution of cases in the state courts.
 (B) Nothing in this section shall prohibit the city or town council from prescribing other duties, and they are authorized to prescribe such other duties as they desire which shall be done by proper ordinance by the council.
Obviously the indicia of a "civil office" are present. City attorneys, whether elected or appointed, have a fixed compensation, duties prescribed by law, and take an oath of office. See Haynes v. Riales,supra. They exercise sovereign powers of the state. An analogous conclusion was reached in Martindale v. Honey, 259 Ark. 416,533 S.W.2d 198 (1976) with regard to deputy prosecuting attorneys:
 As noted, the office of deputy prosecuting attorney is created by law; deputy prosecuting attorneys regularly exercise some of the State's sovereign power in the judicial department; their duties are statutory rather than contractual; they hold their positions by official appointments, not by contract of hire; and their compensation is fixed or regulated by law. These characteristics of the office, considered collectively, indicate a public office as contrasted with a mere public employment, even though every public office may be an employment.
In my opinion, therefore, the position of city attorney is a "civil office under this state" for purposes of art. 5, § 10 and a sitting member of the Arkansas House of Representatives may not legally be appointed or elected to that position during his term in the General Assembly. Accord, Op. Att'y. Gen. 91-102 (continued service of city attorney, after election as state senator, did not violate art. 5, § 10 because Senator was not appointed or elected to city attorney position "during his term as state senator," but dual service under those circumstances violated art. 5, § 7 and separation of powers doctrine).
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh