The Honorable Randy Minton State Representative 880 Minton Road Ward, AR 72178-8618
Dear Representative Minton:
You have presented the following question for my opinion:
 If a member of a planning commission is elected to the position of State Representative, must he or she resign one of the two positions?
RESPONSE
The answer to this question will be impacted by the following two issues: (1) Whether the position on the planning commission constitutes a "lucrative office under this State;" and (2) Whether the individual is a member of a county or a municipal planning commission. These issues are discussed below.
"Lucrative Office Under This State"
As an initial matter, I must note that the phrasing of your question appears to indicate that the individual in question was already serving on the planning commission before being elected to the House of Representatives. If this is correct, he or she is not prohibited by the provisions of Article 5, § 10 of the Arkansas Constitution from serving out the remainder of his or her term on the planning commission. (Art. 5, § 10 prohibits members of the General Assembly from being elected or appointed during their terms in the legislature to any other civil office under the state.) See Williams v. Douglas, 251 Ark. 555, 473 S.W.2d 896
(1971). However, the individual would be prohibited by Art. 5, § 10, from being re-appointed to the commission during his or her term in the legislature. Id.
The authority that is primarily applicable to your question is Article5, § 7 of the Arkansas Constitution, which states:
 No judge of the supreme, circuit or inferior courts of law or equity, Secretary of State, Attorney-General for the State, Auditor or Treasurer, recorder, or clerk of any court of record, sheriff, coroner, member of Congress, nor any other person holding any lucrative office under the United States or this State (militia officers, justices of the peace, postmasters, officers of public schools and notaries excepted), shall be eligible to a seat in either house of the General Assembly.
Ark. Const., art. 5, § 7.
The questions that arise under this provision are: (1) Whether a position on the planning commission constitutes an "office under the United States or this State;" and (2) Whether a position on the planning commission is "lucrative." I will first address the question of whether a position on the planning commission constitutes an "office under the United States or this State." In my opinion, a position on either a county or municipal planning commission does constitute an "office under . . . this State." The court recently addressed the issue of what constitutes an office under this State in the context of Art. 5, § 10 of the Arkansas Constitution, which (as noted previously) prohibits members of the General Assembly from being elected or appointed to any "civil office under this state" during their terms in the legislature. Defining that phrase in State Bd. of Workforce Educ. v. King, 336 Ark. 409,985 S.W.2d 731 (1999), the court stated:
 A civil office is a grant and possession of the sovereign power; sovereign power is the authority of the State to act; a civil office is an office created by civil law within one of the only three branches of government provided for under the Arkansas Constitution;
Id. at 411.
The Arkansas Supreme Court has long held this view. In Wood v. Miller,154 Ark. 318, 242 S.W. 573 (1922), the court gave the following more extensive explanation:
 "A civil office is a grant and possession of the sovereign power." [Citations omitted.] . . . "Any officer who holds his appointment under the government . . . is a civil officer." [Citations omitted.] The words "under this State" as used in the Constitution, mean under the laws of this State or by virtue of or in conformity with the authority conferred by the State as a sovereign. It embraces all offices created by the laws of the State as contradistinguished from other authority.
Id. at 322-23, citing State v. Spaulding, 102 Iowa 639, 72 N.W. 288
(1897); Mechem on Public Officers, 24.) On the basis of this explanation of the phrase "civil office under this state," and on the basis of other Arkansas Supreme Court precedent, my predecessors and I have previously concluded that various local offices do constitute civil offices under this State. See Ops. Att'y Gen. Nos. 2002-073, citing Collins v.McLendon, 177 Ark. 44, 5 S.W.2d 734 (1928) (legislator elected mayor would be subject to challenge under Ark. Const. art. 5, § 10); 2002-039; 97-025; 96-147; 91-314.
On the basis of these authorities, I conclude that membership on a planning commission does constitute an office under this state. The remaining question, then, is whether a position on a planning commission constitutes a "lucrative" office. The Arkansas appellate courts have not interpreted the term "lucrative," as used in Art. 5, § 7. However, the courts have held that if constitutional language is clear and unambiguous, it should be given its plain meaning. See Foster v.Jefferson, 321 Ark. 105, 901 S.W.2d 809 (1995); Walmsley v. McCuen,318 Ark. 269, 885 S.W.2d 10 (1994); see also Williams v. Douglas,251 Ark. 555, 473 S.W.2d 896 (1971). The language of Art. 5, § 7 is unambiguous and can therefore be given its plain meaning. The plain meaning of the term "lucrative" is captured in the term's definition, as stated in the Random House Webster's Unabridged Dictionary (2d ed. 1999). The term is defined there to mean "profitable; moneymaking; remunerative." I have previously interpreted the term to refer to compensation that goes beyond the mere recovery of expenses. See Op. Att'y Gen. No. 2002-039.
The members of both county planning boards and municipal planning commissions can receive compensation, as determined by ordinance of the governing legislative body. See A.C.A. § 14-17-204(c) and A.C.A. §14-56-409. If this compensation encompasses more than the members' expenses, it constitutes a "lucrative" position. If this is the case, such a member holds a "lucrative office under this State," and is therefore prohibited by Art. 5, § 7 from serving in the legislature unless he or she resigns from the position on the commission.
County Planning Board or Municipal Planning Commission?
If the individual in question is serving on a county planning board created pursuant to A.C.A. § 14-17-203, he or she may be prohibited by statute from holding any other office, regardless of whether the position is "lucrative." The applicable provision [A.C.A. § 14-17-203(a)] states:
 (a) The county judge of any county may, with the approval of the majority of the members of the county quorum court, create a county planning board. The board shall consist of not less than five (5) members nor more than twelve (12) members appointed by the judge and confirmed by the court. At least one-third (1/3) of the members shall not hold any other elective office or appointment, except membership on a municipal or joint planning commission or a zoning board of adjustment.
A.C.A. § 14-17-203(a) (emphasis added).
If the individual in question is one of the members who is designated not to hold any other elective office or appointment, he or she will be prohibited from serving in the state legislature unless he or she resigns from the board.
The members of municipal planning commissions are not subject to this broad limitation. Rather, two-thirds of such commissions are prohibited from holding any other municipal office or appointment. See A.C.A. §14-56-404(a). Therefore, if the individual in question serves on a municipal planning commission and does not receive "lucrative" compensation, he or she is not prohibited by Art. 5, § 7 from serving in the legislature while completing the remainder of the term on the commission.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General