JOHNSON *v.* DARNELL.

4-9819            249 S. W. 2d 5

Opinion delivered May 26, 1952.

*Richard M. Hobbs* and *Fred D. Johnson,* for appellant.

*Richard W. Ryan, Earl J. Lane, David L. Mallory, Q. Byrum Hurst* and *H. A. Tucker,* for appellee.

ROBINSON, J.   The issue here is whether appellant or appellee is entitled to the office of municipal judge of Hot Springs.   On the 5th day of April, 1949, appellant Johnson was elected to the office for the term of four years under Act 2 of 1917 and amendments thereto. By Act 145 of 1949 the salary of the municipal judge was substantially increased, and the Act provided for an election to that office for a term of four years to be held at the next regular biennial general election of state, district, county, and township officers.   At an election held in pursuance to this Act, appellee Darnell was elected and assumed office on the 1st day of January, 1951. Thereafter, on the 20th day of January, 1951, appellant Johnson filed this suit alleging that the election held November 7, 1950, was not a lawful election; that plaintiff had participated in the election under protest; that defendant Darnell had received 302 more votes than the plaintiff; that Darnell over objection of plaintiff assumed the duties of municipal judge and since that time had carried on the duties of the office; that the act of the Garland County election commissioners in placing defendant Darnell's name on the ballot as a candidate for the office of municipal judge was without authority; that Act 145 of 1949 was unconstitutional in that it attempted to change the office of municipal judge into a county office contrary to Art. 7 of § 1 of the Constitution of 1874; that defendant Darnell was ineligible to hold the office under Art. 5, § 10 of the Constitution of Arkansas

because said Darnell had been elected to the House of Representatives of the General Assembly and his term had not expired at the time he was elected municipal judge, and that the said Darnell, therefore, was a usurper of the office. Appellant also contends that Act 307 of 1949 repealed Act 145 of 1949.

In his answer defendant Darnell alleges, among other things, that plaintiff Johnson was estopped to question the constitutionality of Act 145 of 1949, for the reason that he had caused his name to be placed on the ballot at the general election in November, 1949, which election was held in accordance with the provisions of the Act; and, moreover, that Johnson was estopped to question the constitutionality of the Act for the reason that he had accepted the increased salary for which the Act provided. The judgment was in favor of appellee Darnell.

In deciding the case it is only necessary to discuss three points.

First, Johnson is estopped to question the constitutionality of Act 145 for the reason that he has accepted benefits under that section of the Act he claims is unconstitutional, and he participated in an election held in accordance with the provisions of the Act.

"Estoppel is frequently based upon the acceptance and retention by one having knowledge or notice of the facts of benefits from a * * * statute which he might have rejected or contested. This doctrine is obviously a branch of the rule against assuming inconsistent positions, and it has been said that such cases are referable, when no fraud either actual or constructive is involved, to the principles of election or ratification rather than to those of equitable estoppel." 19 Am. Jur. 682-4.

Where one accepts the salary as provided for in a particular Act, he is not in a position to question the validity of that Act. *Gross* v. *Whitley County,* 158 Ind. 531, 64 N. E. 25, 58 L. R. A. 394. In *Terry, County Judge* v. *Thornton,* 207 Ark. 1019, 183 S. W. 2d 787, the general rule that the acceptance of benefits under a statute gen-

erally precludes an attack on the Statute was recognized. However, it was there stated that where the provisions of the Act are separable, an attack may be made on that part claimed to be unconstitutional. But, that part of Act 145 providing for a four-year term and the time of election cannot be separated from the rest of the Act and leave a workable law. Act 145 repeals the Acts of the General Assembly for the year 1917 as amended by Act 32 of 1945, insofar as § 4, which provides for the term of office and time of election, is concerned. Hence, if that part of § 4 setting out the qualifications of the judge and the salary he is to receive is held to be constitutional, and that part of the section providing for a four-year term of office and the time of election is held to be unconstitutional, the Act would be wholly unworkable because there would be no law fixing the time of election or the duration of the term of office. Therefore, it is not feasible to separate that part of the Act which appellant contends is constitutional from that part which he contends is unconstitutional, and, since he has accepted the increased salary provided for in the Act, he is now estopped to question its constitutionality.

Next, appellant says that Act 307 of 1949 repealed Act 145. Act 307 is a general act fixing the time for election of municipal officers and the time for those elected to take office. It also provides that "all officers elected at general municipal elections, who are now serving on four-year terms, shall continue in office until their successor is elected at the first general election following the expiration of said term and qualifies and assumes said office on January 1st of the year next succeeding the date of the general election—and shall be elected every four years thereafter." Appellant asserts Act 307 is in irreconcilable conflict with Act 145, in that Act 307 provides for those serving four-year terms to continue in office until the expiration of such terms. We do not think Act 307 repeals Act 145 for the reason that the general law does not apply where there is another statute covering the particular subject irrespective of the dates of their passage. *Faver* v. *Golden, Judge,* 216 Ark. 792,

227 S. W. 2d 453; *Lawyer* v. *Carpenter*, 80 Ark. 411, 97 S. W. 662.

In the case of *Goggin* v. *Ratchford*, 217 Ark. 180, 229 S. W. 2d 130, this court said: "It is only where a later general act covers the whole subject matter included in a prior special act so that it is evident that the Legislature intended to make the new act contain all the law on the subject that the earlier act will be held to have been repealed by implication." Furthermore, Act 202 of 1951 specifically refers to Act 145 of 1949 in such manner that it shows conclusively the Legislature considered Act 145 to be in full force and effect.

Lastly, appellant Johnson contends appellee Darnell was a duly elected member of the House of Representatives on November 7, 1950, when he was elected municipal judge of Hot Springs, and that he is, therefore, ineligible to hold the office, and that appellant is entitled to retain the office until his successor is elected and qualifies.

Section 10 of Art. 5 of the Constitution of 1874 provides that "No Senator or Representative shall, during the term for which he shall have been elected, be appointed or elected to any civil office under this State." It is urged by appellant that Darnell, because of this constitutional interdiction, is ineligible to hold the office of municipal judge because he was a duly elected and qualified member of the House of Representatives from Garland County, his term not expiring until January 1, 1951.

When Art. 5, § 10 was adopted, § 16 of the same article provided that terms of all members of the General Assembly "shall begin on the day of their election." Section 5 of Art. 5 directed the General Assembly to meet every two years "on the first Tuesday after the second Monday in November until said time shall be altered by law." By Act 39, p. 42, of the Acts of 1875, the time of meeting was changed to the second Monday in January, beginning with 1877, and at the same time biennially thereafter.

Amendment No. 23 to the Constitution, § 6, expressly provided for the election of Senators and Representatives at the time State and County officers were chose. The Amendment directed apportionment in 1937, and ". . . the respective terms of offices [of Senators and Representatives] shall begin on January 1 next following."

Although the original Constitution authorized the General Assembly to fix election dates, quite clearly the injunction against members of the General Assembly "being appointed or elected to any civil office" was written at a time when the newly-elected group of Senate and House members would immediately supersede those who had served until the particular election. If we should now say that with the Act of 1875 and Amendment No. 23 a Senator or a Representative is ineligible within the strict construction contended for by appellant, then neither a senator nor a representative whose term did not expire until January could be a candidate in the November election to succeed himself. Certainly these are civil officers. We might read into § 10 of Art. 5 the word "other" and perhaps reach a common sense construction. However, it appears most likely that the language was meant to apply to the period of service under the election. This would be in harmony with the status in 1874 when there was no interim between election and beginning of the term to be served. When Amendment No. 23 was written, and when it was adopted by the people, the view suggested must have been in the public mind, and we are unwilling to say that the fundamental touched upon was intended to be foreclosed with the use of the word "elected." The better view would be that tenure of office was contemplated as distinguished from the elective process by which the right to hold such office is acquired.

Affirmed.