JONES *v.* DUCKETT.

5-2672                                                  356 S. W. 2d 5

Opinion delivered April 9, 1962.

*Francis T. Donovan,* for appellant.

*George F. Hartje, Jr.,* for appellee.

GEORGE ROSE SMITH, J. In the fall of 1960 a dispute arose between the appellant, Guy H. Jones, and the appellee, John T. Duckett, about which of the two was the chairman of the Faulkner County Central Committee of the Democratic party. By law the chairman of this committee is automatically a member of the County Board of Election Commissioners, concededly a public office. Ark. Stats. 1947, § 3-607. In an effort to obtain a judicial decision in the matter Jones brought this action in the form of a proceeding to obtain redress for a usurpation of office. He alleged in his complaint that he was rightfully a member of the County Board of Election Commissioners and that Duckett had wrongfully deprived him of the office. The circuit court, sitting without a jury, found in favor of the defendant, principally upon the ground that Jones was a state senator at the time and was therefore ineligible to hold another public office.

The record is large, but in the view we take only a few of the facts, all undisputed, are material. By party rule the county chairman is elected by the county central committee. On August 27, 1960, Jones was elected by the Faulkner county committee as its chairman. Senator Jones was then serving a four-year term as a member of the state senate. That term was to expire on January

1, 1961 (Ark. Const., Amendment 23, § 6), and he had been defeated as a candidate for renomination in the Democratic primary earlier in August.

Later in the fall some of the county committeemen had reason to doubt Jones's eligibility to hold the position of chairman. At a county committee meeting held on October 8, 1960, at which Jones does not consider that a quorum was present, Duckett was purportedly elected as chairman in the place of Senator Jones. One week later Jones brought this action for usurpation of the office of county election commissioner.

In a usurpation proceeding the plaintiff seeks to recover possession of the office; so it is logically his burden to establish his qualifications to hold the office. *Rosser v. City of Russellville*, 306 Ky. 462, 208 S. W. 2d 322. Our usurpation statute is in harmony with this view, for it provides that the person entitled to the office shall be reinstated therein by the judgment of the court. Ark. Stats., § 34-2207. The legislature could not have meant to direct the court to install an ineligible person in public office.

By the plain language of Article 5, § 10, of our constitution Senator Jones was ineligible to hold another civil office: "No Senator or Representative shall, during the term for which he shall have been elected, be appointed or elected to any civil office under this State." This mandate was given effect in *Wood* v. *Miller,* 154 Ark. 318, 242 S. W. 573, and in *Collins* v. *McClendon.* 177 Ark. 44, 5 S. W. 2d 734. We recently held in *Johnson* v. *Darnell,* 220 Ark. 625, 249 S. W. 2d 5, that a state representative might, during his term of office, be elected to another office if his tenure therein would not begin until after the expiration of his term of office as a legislator. That was not the situation in the case at bar.

In arguing that he was not disqualified to become a county election commissioner while he was serving as a state senator the appellant suggests that he was only nominally a member of the legislature after his defeat

in the August primary. The clear-cut answer to this argument is that Senator Jones's term of office continued until January 1, 1961, and the duration of that term is the controlling consideration in deciding his qualification to hold another civil office. Had the legislature been called into special session between the August primary and January 1 it would have been Senator Jones's unquestioned duty to attend the session as the senator from his district.

The remaining argument is that Jones was not "appointed or elected" to the office of county election commissioner, since it devolves by operation of law upon the county chairman. We think it evident that the constitutional inhibition against a legislator's being appointed or elected to another office was intended to embrace the only two methods by which a person is ever chosen for public office under our law. Here Senator Jones was elected to the position of county chairman and by that election he would have become, if eligible, a county election commissioner. It follows that he was elected to the latter office within the meaning of the constitution.

It is also insisted that Senator Jones, despite his ineligibility to hold the office of county election commissioner, is qualified to be chairman of the county central commmittee and should have been awarded that position by the trial court. Assuming, without so deciding, that the courts now have jurisdiction of such a contest (see *Tuck* v. *Cotton,* 175 Ark. 409, 299 S. W. 613, and Act 21 of 1949, Ark. Stats., § 3-245), we think the court was right in holding that Jones's inability to act as a county election commissioner also prevented him from being county chairman for the party. Each county board of election commissioners consists of three members: The county chairman of the majority party, the county chairman of the minority party, and a third commissioner appointed by the State Board of Election Commissioners. Ark. Stats., § 3-607. There is no provision for anyone to be named as a replacement for a county chairman who is ineligible to serve on the county board of election commissioners. Consequently if a party leader could act

as county chairman of the party in spite of his ineligibility to serve on the county board of election commissioners it would leave the latter body with only two members. In that event the board might be powerless to perform its duties, owing to a tie vote between its two commissioners. Hence we are convinced that the legislature intended for the county party chairman also to be qualified for service as an election commissioner. Since Senator Jones was not so qualified the court correctly held that he was ineligible to serve the party as its county chairman.

Affirmed.

JOHNSON, J., dissents.

JIM JOHNSON, Associate Justice, dissenting. The case of *Johnson v. Darnell*, 220 Ark. 625, 249 S. W. 2d 5, upon which the majority rely for affirmance, to say the least, is somewhat ambiguous. There this Court said:

"Although the original Constitution authorized the General Assembly to fix election dates, quite clearly the injunction against members of the General Assembly 'being appointed or elected to any civil office' was written at a time when the newly elected group of Senate and House members would immediately supersede those who had served until the particular election. If we should now say that with the Act of 1875 and Amendment No. 23 a Senator or a Representative is ineligible within the strict construction contended for by appellant, then neither a senator nor a representative whose term did not expire until January could be a candidate in the November election to succeed himself. Certainly these are civil officers. We might read into Section 10 of Article 5 the word 'other' and perhaps reach a common sense construction. However, it appears most likely that the language was meant to apply to the period of service under the election. This would be in harmony with the status in 1874 when there was no interim between election and beginning of the term to be served. When Amendment No. 23 was written, and when it was adopted

by the people, the view suggested must have been in the public mind, and we are unwilling to say that the fundamental touched upon was intended to be foreclosed with the use of the word 'elected'. The better view would be that tenure of office was contemplated as distinguished from the elective process by which the right to hold such office is acquired."

It is possible that the Court by the use of the above quoted language meant to say what the majority in the present case contend, i.e., "that a state representative might, during his term of office, be elected to another office if his tenure therein would not begin until after the expiration of his term of office as a legislator," but to me the only thing unambiguous about the language of the *Darnell* case is that the adoption of Amendment 23 effectively repealed the clear terms of Article 5, Section 10 of our Constitution. At least the *Darnell* opinion was a recognition of the obvious and that is, since the adoption of Amendment 23, a strict interpretation of Article 5, Section 10, is no longer possible. This being true, upon the whole case before me as opposed to the narrow point upon which the majority reached their conclusion, I am convinced that appellant should prevail, otherwise, the Democratic Party rule providing for a person other than an elected committeeman serving as chairman of the County Committee could serve no practical purpose which would have justified its adoption.

For the reasons stated above, I respectfully dissent.