JESSUP *v.* HANCOCK.

5-3412                                    385 S. W. 2d 24

Opinion delivered December 21, 1964.

*Trantham & Knauts,* for appellant.

*Kirsch, Cathey & Brown, Alfred J. Holland,* for appellee.

JIM JOHNSON, Associate Justice. This is an action to oust a school director for usurpation of office. The facts are undisputed. Appellee Ed Hancock was a school director of the Knobel School District in Clay County on September 24, 1963, when he was defeated for re-election by appellant Stephen Jessup. At the time appellant owned no real property in the school district, but purchased property on September 25th, the day following the election, and thereafter took the oath of office. On December 13th, 1963, appellee filed suit in Clay Circuit Court, Western District, against appellant, the complaint being in the nature of an information by way of quo warranto, alleging that appellant was ineligible to serve as school director, that appellee was entitled to continue to serve until his successor was chosen, that appellant had usurped the office, and prayed that appellant be removed and appellee restored to office. In its judgment of March 30, 1964, the trial court found that appellant's acquisition of real property after the election was not sufficient to meet the requirements of Ark. Stat. Ann. § 80-504.1 (Repl. 1960) ("Director to be owner of real estate"), and ordered appellee restored to office. From the judgment comes this appeal.

Appellee filed his complaint under the provisions of Ark. Stat. Ann. § 34-2203 (Repl. 1962) which states:

"Whenever a person usurps an office or franchise to which he is not entitled by law, an action by proceedings at law may be instituted against him, either by the State or the party entitled to the office or franchise, to prevent the usurper from exercising the office or franchise."

Appellant contends that the trial court had no jurisdiction to hear this matter and should have dismissed the complaint, asserting that appellee's suit was in fact an election contest. Our decision in *Faulkner* v. *Woodard,* 203 Ark. 254, 156 S.W. 2d 243, is clearly controlling. Quoting from *Wood* v. *Miller,* 154 Ark. 318, 242 S.W. 573, we said in the *Faulkner* case that: ' "This is not, in fact, a contest of an election, for, as was said in *Wheat* v. *Smith,*

50 Ark. 266, 7 S.W. 161, there is nothing to contest concerning the result of the election. Appellee was elected, as condeded, but appellant is contesting his eligibility to hold the office, . . ." '

Appellant's second point urged for reversal is that he did not have to own real estate on the exact day of the election, that is, September 24, 1963, but could comply with Ark. Stat. Ann § 80-504.1 if he owned real estate at the time he was commissioned by the County Clerk to enter upon his duties as such director.

Some of the statutes relative to school directors are: § 80-504 ("A school director shall be a bona fide resident and qualified elector of the school district in which he serves"), § 80-504.1 ("Hereafter, no person shall be eligible to be a member of any school board in the State unless such member is the owner of real property in the school district in which he serves"), and § 80-505 ("Each school director elected or appointed shall, within ten [10] days, after receiving notice of his election or appointment subscribe to the following oath: . . . The County Clerk upon receipt of oath prescribed for school director, shall immediately commission such persons and they shall enter at once upon their duties as school directors.").

This is a case of first impression in this jurisdiction. Our research reveals an excellent annotation in A.L.R. which thoroughly discusses the question here presented: "Time as of which eligibility or ineligibility to office is to be determined," 88 A.L.R. 812, supplemented by 143 A.L.R. 1026. The marrow of the annotation is that where a constitution or statute specifies the time when the conditions of eligibility must be present, as where it is required that qualifications for public office exist at the time of election, the courts uniformly hold that a person not qualified at the time of election cannot make himself eligible subsequent to the election. On the other hand, if the constitution or statute requires such conditions (of qualification) to exist at the time of the commencement of the term of office or the time of the induction of the candidate into office and assumption of the duties (as

distinguished from the time of election), it is clear that existence of conditions of eligibility at the commencement of the term or induction of the candidate into office is sufficient to qualify him for the office, irrespective of their existence at the time of the election. Where time for existence of conditions of eligibility is not specified, one group of courts takes the view that the word "eligible" relates to time of election, whereas another group of courts, constituting the majority, takes the view that "eligible" has reference to capacity not of being elected to office, but of holding office, and that therefore, if qualified at the time of commencement of the term and induction into office, disqualification of the candidate at the time of election is immaterial.

Our statute § 80-504.1, "Hereafter, no person shall be eligible to be a member of any school board in this State unless such member is the owner of real property in the school district in which he serves," does not specify that this condition of eligibility must exist at the time of election. After review of a number of cases from other jurisdictions, it is our view that the better rule is that, where it is not otherwise specified in our statutes or constitution, eligibility means being qualified at the time of commencement of the term and induction into office. This is consistent with this court's reasoning in *Jones* v. *Duckett,* 234 Ark. 990, 356 S.W. 2d 5, and *Johnson* v. *Darnell,* 220 Ark. 625, 249 S.W. 2d 5, which, while not in point here, do relate to eligibility and commencement of term of office.

Reversed and the cause dismissed.