The Honorable Byron Thomason State Representative Route 2, Box 133 Magnolia, Arkansas 71753
Dear Representative Thomason:
This is in response to your request for an opinion on the following specific questions:
 1. Are there any restrictions on an incumbent State Representative running for and being elected Prosecutor if his term as State Representative ends before he takes office as Prosecuting Attorney.
 2. If the Prosecuting Attorney is to be sworn in a few days prior to the termination of the term as State Representative, can that be cured by resigning as State Representative prior to being sworn in as Prosecuting Attorney.
 3. If the above two courses of action are prohibited by the State Constitution, then could a State Representative legally seek the democratic nomination in the party primary while holding the office of State Representative and resign prior to the general election.
Article 5, Section 10 to the Constitution of Arkansas reads as follows:
 No Senator or Representative shall, during the term for which he shall have been elected, be appointed or elected to any civil office in this State.
While this provision may at first glance appear to preclude an incumbent Representative from being elected Prosecutor before his term of office as Representative expires, the Arkansas Supreme Court has on at least one occasion held to the contrary. It was contended in Johnson v. Darnell, 220 Ark. 625, 249 S.W.2d 5
(1952), that a member of the House of Representatives who was elected municipal judge during his term of office was ineligible to hold the judgeship under Article 5, 10. The Representative was elected municipal judge on November 7, 1950 and assumed that office on January 1, 1951, the date his term as State Representative expired. The Court reviewed the history of Art. 5, 10 and rejected appellant's contention noting that following this "strict construction, ". . .neither a senator or a representative whose term did not expire until January could be a candidate in the November election to succeed himself." 220 Ark. at 630. The Court concluded, therefore, as follows:
 [I]t appears most likely that the language (of Art. 5, 10) was meant to apply to the period of service under the election. This would be in harmony with the status in 1874 when there was no interim between election and beginning of the term to be served. When Amendment No. 23 was written, and when it was adopted by the people, the view suggested must have been in the public mind, and we are unwilling to say that the fundamental touched upon was intended to be foreclosed with the use of the word `elected.' The better view would be that tenure of office was contemplated as distinguished from the elective process by which the right to hold such office is acquired. Id. (Emphasis added.)
This case supports the proposition that an incumbent State Representative may be elected Prosecuting Attorney during his term as Representative so long as this "tenure of office" expires prior to his assuming office as Prosecuting Attorney. Johnson v. Darnell was cited with approval by the Supreme Court in Jones v. Duckett,234 Ark. 990 (1962), wherein the Court noted that ". . .a state representative might, during his term of office, be elected to another office if his tenure therein would not begin until after the expiration of his term of office as a legislator." Id. at 992.
These cases would appear to control in this instance, having been neither repealed nor modified by the Court. Therefore, in response to your first question, there currently appear to be no such restrictions.
The issue posed in your second question has not been addressed by an Arkansas court. A potential argument in support of the suggested course of action might be based upon the Supreme Court's ruling in Johnson v. Darnell, supra. It may be successfully asserted that the Court's reasoning in the Johnson case was based primarily upon the fact that the Representative would no longer be acting in that capacity upon commencement of his term as municipal judge. It may therefore reasonably follow that a Representative may be elected Prosecuting Attorney and serve in that capacity provided he is no longer a State Representative upon assuming office as Prosecuting Attorney. Of course in the absence of specific authority to this effect, it cannot be conclusively stated that a court would concur with this proposition.
The foregoing responses would appear to dispense with the necessity of addressing your third question. It should be noted, however, that a court's rejection of the second suggested course of action may foreshadow a similar reluctance to approve the third alternative posed.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.