The Honorable Pat Ellis State Representative 402 Poplar Street Clinton, AR 72031
Dear Representative Ellis:
This is in response to your request for an opinion on the following question:
 Can a mayor or elected official of a city of the second class, while serving in office, seek the office or serve as chairman of the County Democratic Central Committee?
As noted in your correspondence, the Chairman of the County Democratic Central Committee ("Chairman") automatically serves on the County Election Commission. See A.C.A. 7-4-102(a). Article3, 10 of the Constitution of Arkansas must therefore be considered in response to your question. This constitutional provision states as follows:
 No person shall be qualified to serve as an election officer who shall hold at the time of the election any office, appointment or employment in or under the government of the United States, or of this State, or in any city or county, or any municipal board, commission or trust in any city, save only the justices of the peace and aldermen, notaries public and persons in the militia service of the State. Nor shall any election officer be eligible to any civil office to be filled at an election at which he shall serve — save only to such subordinate municipal or local offices, below the grade of city or county officers, as shall be designated by general law.
The exception contained in Art. 3, 10 with respect to ". . . justices of the peace and aldermen, notaries public and persons in the militia service of the State" would not appear to extend to a mayor of a second class city. Thus, while a question might arise if his tenure as Chairman would not begin until after the expiration of his term of office as mayor [see, e.g., Johnson v. Darnell, 220 Ark. 625, 249 S.W.2d 5 (1952)], the language of Art 3, 10 will generally operate to preclude a mayor from seeking the office or serving as Chairman, the assumption being that he ". . . shall hold at the time of the election" the office of mayor. We read this provision as applying to any election during which he will serve on the County Election Commission.
The explicit exception under Art. 3, 10 with respect to aldermen makes it clear that the particular office must be considered in response to your question regarding other elected officials. The prohibition contained in Art. 3, 10 will generally apply, as outlined above, unless the office falls within the exceptions.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
STEVE CLARK Attorney General