The Honorable Steve Bell State Senator P.O. Box 4282 Batesville, Arkansas 72503
Dear Senator Bell:
This is in response to your request for an opinion on the following question:
 If a present alderman on the city council resigns before the City of Tuckerman enacts ordinances creating a water and sewer commission, can the former alderman be appointed to the water and sewer commission and serve?
It is my opinion that the answer to this question is, in all likelihood, "no." The relevant Code section in this regard is A.C.A. 14-42-107, which states in pertinent part as follows:
 No alderman or member of any council of a municipal corporation shall, during the term for which he shall have been elected or one (1) year thereafter, be appointed to any municipal office which has created or the emoluments of which shall have been increased during the time for which he shall have been elected.
A.C.A. 14-42-107(a)(1).
Resignation would not appear to remove the bar under this Code section which, although directed toward an "alderman or member of any council", focuses upon the term for which the member was appointed. The phrase "term of office" when used with respect to a municipal office is ordinarily understood to apply to a fixed and certain term established by law for the performance of certain official duties. 62 C.J.S. Municipal Corporations 495 (1949).
The fact that the prohibition also extends "one (1) year thereafter" further indicates that one's status as an alderman at the time of appointment to an office created during his term is not necessarily determinative. The appointee would not, of course, be an "alderman or member of any council" during this one year period.
It is my opinion that the prohibition under14-42-107(a)(1) would apply, notwithstanding the resignation, where an alderman resigns after the office was created but before his appointment to the office. The prohibition would extend for one year beyond the term for which he was elected as alderman. A similar conclusion must be reached with regard to a resignation occurring before creation of the office. There is no basis for distinction in this regard under 14-42-107. This Code section emphasizes the period of time during which appointment to another office is proscribed, rather than the particular situation of the officer at the time of appointment eligible for that office. Id. It has also been stated, however, that:
 . . . when the statute provides that a particular officer shall not be eligible to an elective or appointive office during the term for which he is appointed or elected, he does not become eligible by reason of his resignation during such term.
Id.
General authority in this area thus also supports the conclusion that the answer to your question is "no."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
/s/ Ron Fields Attorney General
[1] It should be noted that the Arkansas Supreme Court, when faced with a challenge under Article 5, 10 of the Arkansas Constitution to a state senator's election to another office during his senate term, stated: ". . . the duration of that term is the controlling consideration in deciding his qualification to hold another civil office." Jones v. Duckett, 234 Ark. 990, 993,356 S.W.2d 5 (1962). Article 5, 10 states: "No Senator or Representative shall, during the term for which he shall have been elected, be appointed or elected to any civil office under this State."