The Honorable Charlotte Schexnayder State Representative P.O. Box 220 Dumas, Arkansas 71639-0220
Dear Representative Schexnayder:
This is in response to your request for an opinion on the three questions set forth in the body of this letter:
1. On what date does an elected city council member's term begin?
Arkansas Code Annotated § 14-42-201(b) provides that municipal officials "take office" January 1 of the year following their election. In my opinion, a council member's term of office begins on the day on which he is required or permitted by law to take office, and his term therefore begins January 1 of the year following his election.
 2. At what time does it become unlawful for a newly-elected city council member to receive compensation from his city for employment as an hourly-paid police officer?
In my opinion, and as addressed below in response to your third question, it becomes unlawful for a newly-elected city council member toserve as a city police officer from and after the beginning of his or her term as a council member, i.e., January 1, whether or not the person is compensated for such service. In my opinion, it is not unlawful for the council member to receive, after January 1, compensation for work performed prior to January 1 as a city police officer. The foregoing opinions are based upon what I believe to be a logical extension of the court's rationale in Johnson v. Darnell, 220 Ark. 625, 249 S.W.2d 5
(1952), wherein it was held that a state legislator, barred by the Constitution of Arkansas from also serving as municipal judge, could nonetheless be elected municipal judge while still serving a term as a state legislator where his term as a legislator would expire before the commencement of his term as municipal judge. The case did not involve a resignation from one office to accept another, there is no decision squarely on point, and thus there can be no assurance that a court would concur. The foregoing is consistent, however, with the views expressed in response to the second question posed in Op. Att'y Gen. 87-260 (copy enclosed).
3. Would this constitute a conflict of interest?
In my opinion, for the reasons stated in Op. Att'y Gen. 91-415 (copy enclosed), a person may not lawfully serve simultaneously as a member of the city council and a member of the police force of the same city.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh