The Honorable Louis McJunkin State Representative P.O. Box 223 Springdale, Arkansas 72765-0223
Dear Representative McJunkin:
This is in response to your request for an opinion on three questions concerning the terms of office of members of the General Assembly. Specifically, you note, among other things, that Arkansas Constitution article 8, section 6 provides that senators and representatives shall be elected at the general election, and that "their respective terms of office shall begin on January 1 next following." You also note, however, that Arkansas Constitution, art. 19, § 5 provides that: "All officers shall continue in office after the expiration of their official terms until their successors are elected and qualified." Finally, you note that the members of each house are sworn in and seated at the regular session next following the election, which session begins on the second Monday in January of each odd-numbered year.
Your concern focuses on the time period between the commencement of the official terms of members of the General Assembly (January 1), and the time they are actually sworn in (the second Monday in January). Specifically, your three questions are as follows:
1. When do the terms of outgoing legislators end?
 2. When a legislative interim committee which consists largely of outgoing members of the General Assembly and which holds its regular monthly meeting on the second Thursday and Friday of each month holds a meeting between January 1 and the second Monday in January of an odd numbered year, do the outgoing members of the General Assembly who are members of that interim committee have the authority and responsibility to attend and participate in the meeting?
 3. If the answer to (2) above is `no,' then is the interim committee precluded from carrying out its duties in the month of January of each odd-numbered year?
In response to your first question, the stated date for the expiration of legislative terms is January 1. See Arkansas Constitution, art. 8, § 6, as amended by Amendments 23 and 45. See also Johnson v. Darnell,220 Ark. 625, 249 S.W.2d 5 (1952); Jones v. Duckett, 234 Ark. 990,356 S.W.2d 5 (1962); and Berry v. Gordon, 237 Ark. 547, 376 S.W.2d 279
(1964). It must be noted, however, that under our constitution "all officers shall continue in office after the expiration of their official terms until their successors are elected and qualified." Arkansas Constitution, art. 19, § 5. It has been held by the Arkansas Supreme Court that "[w]here the legal incumbent of an office is authorized by law to hold over after the expiration of the term until his successor is elected and qualified, the period of his holding over is as much a part of the term as the regular period fixed by law." Wood v. Miller, 154 Ark. 318, 242 S.W. 573 (1922).See also Faulkner v. Woodard, 203 Ark. 254, 156 S.W.2d 243 (1941).
In my opinion, the incumbent members of the Arkansas General Assembly are authorized to continue in office until their successors are "elected and qualified." It has been stated that: "One of the usual necessary formalities of the qualification of an officer is the taking of the official oath; and, where an oath is required, it is a prerequisite to full investiture with the office." 67 C.J.S. Officers, § 46. In this regard, Arkansas Constitution, art 19, § 20 provides that:
 Senators and Representatives and all judicial and executive, State and county officers, and all other officers, both civil and military, before entering on the duties of their respective offices shall take and subscribe to the following oath of affirmation: `I, ____, do solemnly swear (or affirm) that I will support the Constitution of the United States and the Constitution of the State of Arkansas, and that I will faithfully discharge the duties of the office of ____, upon which I am now about to enter.'
Thus, incoming members of the General Assembly are not "qualified" until they take the oath of office pursuant to Arkansas Constitution, art 19, § 20.[1] You have noted that incoming members take the oath and "are seated" at the beginning of the regular biennial session following their election.[2] I have found no applicable constitutional or statutory provisions governing the time members of the General Assembly are to take the oath of office,[3] nor any governing the "seating" of such members.[4] You have noted that the taking of the oath of office and the "seating" of members occurs at the beginning of the regular session. It is my understanding that this is a matter of practice and tradition. In the absence of any mandatory legal requirements in this regard, questions may arise as to who is the legal incumbent of the office, if an individual member or members are sworn in, and thus qualify, prior to the traditional time.[5]
Thus, in response to your first question, the official "terms" of outgoing legislators expire January 1, but the tenure of office of a particular legislator, pursuant to Arkansas Constitution, art. 19, § 5, extends until the point at which his or her successor is elected and qualified.
It is my opinion that the answer to your second question concerning the authority of interim committee members is "yes," to the extent that the successors of the outgoing committee members have not yet "qualified."[6] See art. 19, § 5 and discussion in response to Question 1, supra.
Because the answer to your second question is a qualified "yes," an answer to your third question may be unnecessary. I will note, however, that to the extent their successors have "qualified," individual holdover members of the committee will lose their authority to act. The question of whether the committee can carry out its duties in January of an odd-numbered year may depend upon whether a requisite quorum of holdover members continue to legally serve.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] With regard to any other formal requirements to qualify for office, there appears to be no requirement that members of the general assembly be "commissioned" (cf. A.C.A. § 21-2-101 and Arkansas Constitution, art 7, § 48), and they are apparently "bonded" under the "Self-Insured Fidelity Bond Program." See A.C.A. §§ 21-2-701 to -711, and specifically A.C.A. § 21-2-702(6) (Repl. 1996).
[2] The time for the regular biennial sessions of the legislature is now set at noon on the second Monday in January in odd-numbered years (see A.C.A. § 10-2-101 (Repl. 1996), and has been so set since the adoption of Act 39 of 1875, which permissibly altered the date set in the Arkansas Constitution, which was the first Tuesday after the second Monday in November. (The Arkansas Constitution, in art. 5, § 5, states that the time for convening such sessions may be altered by law.)
[3] See, however, Arkansas Constitution, Schedule § 20 (a temporary provision governing the qualification of certain officers first elected under the Arkansas Constitution (Cf. 16 C.J.S. Constitutional Law, § 15,Hendricks v. Hodges, 127 Ark. 82 (1916) and Jewett v. McConnell,112 Ark. 291, 165 S.W. 957 (1914)); and A.C.A. § 21-2-102 (Repl 1996) (requiring certain officers to file their commissions and oath with the Secretary of State within a specified time).
[4] The "seating" of house and senate members is a somewhat elusive constitutional concept, and is presumably within the sole discretion of the legislative branch. See Arkansas Constitution, art. 5, § 11. The legislature, in my opinion, however, may not, either directly or indirectly, mandate a "seating" requirement which would in effect alter the terms of office of members of the general assembly set in the constitution. See generally, 63A Am. Jur.2d Public Officers andEmployees § 156.
[5] You have not indicated what official actually administers the oath of office to new members. The officials generally authorized to administer oaths are listed at A.C.A. § 21-2-105 (Repl. 1996). In addition, however, A.C.A. § 10-2-105 states that the President of the Senate and the Speaker of the House shall have power to administer all oaths to the members and officers of their respective houses.
[6] It is unclear, in my opinion, whether any issue with regard to your second question will arise in the regular session of 1999. That session, absent some change in current law, will convene January 11, 1999. The interim committee to which you refer holds its regular meeting on the "second Thursday and Friday of each month." The second Thursday in the month of January, 1999, occurs on January 14th, after the convening of the regular session, although the second Friday occurs on January 8. Presumably, the discretion to calculate the proper meeting date lies with the legislative branch.