The Honorable Travis Boyd State Representative 280 West Court Street Piggott, AR 72454
Dear Representative Boyd:
I am writing in response to your request for an opinion on the following:
 Attached is a copy of Act 1924 of 2005 which prohibits persons from simultaneously holding the position of Justice of the Peace and the position of City Council Member. The question is whether a person may lawfully run for both offices under current law[.]
 Your opinion regarding this question will provide an official explanation to individuals who currently serve on the Quorum Court and the City Council who are interested in running for both positions again, and if elected, choosing to serve in one capacity or the other.
RESPONSE
In my opinion, Act 1924 of 2005, codified at A.C.A. § 14-14-1202
(Supp. 2005), which prohibits a member of a Quorum Court from simultaneously serving as a member of a City Council, does not prohibit a person from running for these offices simultaneously.
The pertinent section of A.C.A. § 14-14-1202 states:
 (3)(A) No person shall simultaneously hold office and serve as an elected county justice of the peace and hold office and serve as an elected city council member.
 (B) This subdivision (c)(3) shall not cut short the term of any office holder serving as such on September 1, 2005, but shall be implemented during the next election cycle of each office.
A.C.A. § 14-14-1202(c)(3)(A) through (B).
I have previously described the right to run for office in Arkansas as follows:
 As a general matter, Arkansas law protects the right to run for office. See, e.g., A.C.A. § 21-1-207
(expressly permitting state and local employees to run for public office); MacBride v. Exon, 558 F.2d 443, 448 (8th Cir. 1997) (state's restriction of one's ability to become a candidate for public office is "severely circumscribed by the Constitution."); Fisher v. Taylor, 210 Ark. 380, 196 S.W.2d 217
(1946) (right to be a candidate for public office is a fundamental one which should not be curtailed without good cause). See also Ops. Att'y Gen. Nos. 2000-103; 98-110; 94-256. However, some restrictions are legitimately placed upon the ability to run for office.
* * *
 Arkansas law also places some restrictions on the ability to run for office. In addition to routine procedural requirements for candidates, see generally A.C.A. § 7-7-101 et seq., the statutes governing certain specific positions and subject areas contain specific limitations on candidacy. See, e.g.,
A.C.A. § 14-47-109 (persons aged 21 eligible to run for office of city director); A.C.A. § 7-4-109
(members of county election commission not eligible to be a candidate for any office); A.C.A. § 7-6-102
(person having felony conviction must have record expunged in order to be a candidate for certain offices) A.C.A. § 14-49-202; A.C.A. § 14-50-202; A.C.A. § 14-51-202 (members of municipal civil service commissions may not be candidates for any office).
* * *
 However, the individual in question should consult his political party's rules concerning candidacy. Political parties are authorized to "determin[e] the qualifications of candidates seeking nomination by the political party[.]" A.C.A. § 7-7-201(b)(5). Although it is not entirely clear whether this provision envisions the parties establishing specific rules for eligibility, or whether it simply refers to the parties' responsibility to verify the eligibility of their candidates, see A.C.A. § 7-7-301(b), it is nevertheless conceivable that political parties may have adopted some policy concerning candidates who hold other offices.
Op. Att'y Gen. 2004-106 (footnotes omitted).
Arkansas Code Annotated § 14-14-1202(c)(3)(A) does not, by its express terms, prohibit dual candidacy for the offices of justice of the peace and city council member. It prohibits only the simultaneous holding or serving in these two positions. I cannot conclude, therefore, that such dual candidacy is prohibited by this statute. My predecessor addressed an analogous situation in Op. Att'y Gen. 2000-103 wherein he stated:
 Although the holding of these two positions simultaneously would be contrary to law, I have found no prohibition against the name of a candidate for the circuit-chancery judgeship also appearing on the ballot as a candidate for the municipal court judgeship. Cf. Op. Att'y Gen. 1994-256 (concluding that one could run as an independent candidate for mayor and also as the democratic nominee for alderman). There are specific prohibitions against one's multiple nomination for the same office. A.C.A. §§ 7-7-204 (Supp. 1999). See also A.C.A. § 7-7-103(e) (Supp. 1999) (a person who has been defeated in a party primary cannot file as an independent candidate for that office in the general election). It seems, therefore, that the General Assembly could have enacted a prohibition against dual candidacy for different offices had it so intended.
Id. (footnote omitted).
Similarly, if the General Assembly had intended to prohibit dual candidacy for the two offices mentioned in Act 1924, as well as dual service, it could easily have done so. In my opinion, therefore, in light of the plain and ordinary language of Act 1924 and the important interests attaching to the right to run for public office, the answer to your question is "yes," a person may lawfully run for, but not hold, the offices of justice of the peace and city council member simultaneously.[1]
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh
[1] As I stated in Op. Att'y Gen. 2004-106, fn. 2, "state election laws require that candidates for public office be `qualified and eligible' to hold the office `at the time of filing' for candidacy. See A.C.A. § 7-5-207(b)." I noted in that Opinion that it was not clear "whether this provision should be interpreted to prevent the candidacy of a person who already holds a public office, on the grounds that the person would be prohibited by dual office holding principles from holding the second office." Id. In my opinion, A.C.A. § 7-5-207(b) would not be interpreted in that fashion. Because dual office-holding prohibitions, by their very nature, apply to dual service, it seems illogical to apply them prior to the entry of service in a particular office. Additionally, if A.C.A. § 7-5-207(b) were interpreted this way, a great many current single-office holders might be prohibited from filing for a different single office, to be entered upon expiration of their current office. Surely this could not have been the legislative intent of A.C.A. §7-5-207(b). Cf. Johnson v. Darnell, 220 Ark. 625, 249 S.W.2d 5
(1952) (if the prohibition in art. 5, § 10 of the Arkansas Constitution, preventing senators and representatives being elected to civil offices during their terms, applied during the November elections, then such persons could not be candidates in November to succeed themselves.)