The Honorable Shirley Borhauer State Representative 25 Kenilworth Drive Bella Vista, AR 72714-4528
Dear Representative Borhauer:
I am writing in response to your request for an opinion on two matters relating to the proposed incorporation of Bella Vista.
Question One: If incorporation is approved, when do the municipal officers elected concurrent with the approval of incorporation take office?
Question Two: Can a sitting member of the House of Representatives run for and serve on the city council of Bella Vista if it is incorporated?
RESPONSE
With respect to your first question, while the statute is not entirely clear, in my opinion, a court would most likely find that A.C.A. § 14-38-115 (Supp. 2005), stating that the elections for new municipal offices held concurrently with a vote of incorporation are effective when the county judge's order of incorporation is filed and recorded, can reasonably be interpreted to allow the newly elected officers to take office as soon as is practicable for the new municipality rather than comporting with the general statute that municipal officials take office on January 1, 2007, per A.C.A. § 14-42-201 (Supp. 2005). With respect to your second question, in my opinion the answer is most likely "no." Article 5, § 10 of the Arkansas Constitution prohibits an individual that has been elected to the General Assembly from being elected to a "civil office under the State," such as a member of a city council, for the duration of the term for which that person was elected to the General Assembly. If, however, a court were to find that the officers elected concurrently with the vote on incorporation could not take office until January 1, 2007, Johnson v. Darnell, 220 Ark. 625,249 S.W.2d 5 (1952), would control. Under Johnson, supra, a sitting member of the House of Representatives could run for and serve on the city council elected concurrently with the vote on incorporation so long as the term of office for the city council does not begin until after the expiration of the term for which the Representative was elected to the General Assembly.
Question One: If incorporation is approved, when do themunicipal officers elected concurrent with the approval ofincorporation take office?
In my opinion, a court faced with the ambiguous language of A.C.A. § 14-38-115(h)(1)(D), stating that the elections held concurrently with the vote on incorporation will be effective once the county judge's order of incorporation is filed and recorded, would most likely conclude that a reasonable interpretation is that the officers take office as soon as practicable once the election is effective and they can be sworn in. In my opinion, this construction of A.C.A. § 14-38-115 would control over the general statute, A.C.A. § 14-42-201, which authorizes municipal officers to take office on the first of January following the election.
Generally speaking, municipal officers take office on the first of January following the election. A.C.A. § 14-42-201. Under certain circumstances, including a petition of the voters, the Arkansas Code specifically authorizes the election of officers for a proposed city to be held concurrently with a vote on the question of incorporation. A.C.A. § 14-38-115(i)(1). The election is to be held "on the date of the next general election. . . ." A.C.A. § 14-38-115(f)(1)(A). If the election is successful, the county clerk certifies the election results and the county judge thereafter shall enter an order granting the petition. A.C.A. §14-38-115(h). With regard to when the incorporation and elections are effective, Arkansas Code Annotated § 14-38-115(h)(1)(D), states:
 (i) The incorporation shall be effective on the date the order of the county judge is filed and recorded.
 (ii) The election of municipal officers shall be effective upon that date.
Id. (emphasis added).
When interpreting a statute, the first rule of statutory construction is for a court to effect the intent of the legislature. Sluder v. Steak Ale of Little Rock, Inc., Ark., S.W.3d (Mar. 31, 2005). The statute or statutes will first be read for the plain and ordinary meaning of the language used.Id. No further construction will be needed if the statute or statutes are clear and unambiguous. Id. A statute is ambiguous when the plain and ordinary meaning is so obscure or doubtful in its meaning that reasonable minds could disagree or be uncertain as to its meaning, a court will look to determine the legislative intent of the statute and construe it so that no word is void, superfluous, or insignificant. See Hartford Fire Ins. Co. v.Sauer, Ark., S.W.3d (Jun. 17, 2004). When two statutes appear to be in conflict, the general statute must yield to a specific statute involving particular subject matter. R.N. v. J.M.,347 Ark. 203, 61 S.W.3d 149 (2001). Furthermore, a court will consider the consequences of interpretation when applying the canons of statutory construction. Citizens to Establish a ReformParty v. Priest, 325 Ark. 257, 926 S.W.2d 432 (1996) (cited inKeaney v. Plumlee, Ark. App., S.W.3d (Feb. 1, 2006).
In the situation described in your request for an opinion, the general law is that individuals elected to municipal office will take their office on the first of January following their election. A.C.A. § 14-42-201. Specifically addressing the incorporation of a new municipality through a popular election, A.C.A. § 14-38-115 provides that, if incorporation by election is approved, the election of officers on the ballot concurrently with the question of incorporation is "effective" when the county judge's order granting the petition is filed and recorded. While the general statute certainly governs the vast majority of municipal elections, the specific statute addressing the incorporation of a new municipality by popular election could be read as providing a different effective date for the initial municipal officers of the newly incorporated municipality. The General Assembly specifically stated that the election of officers of a newly incorporated municipality would beeffective at the same time that the order of incorporation signed by the county judge is filed and recorded. A.C.A. §§14-38-115(h)(1)(D)(i) through (ii).
Although this is not clear authority for such officers to take office prior to the following first of January, in my opinion a court would likely interpret the provision to allow the new municipality to begin operating on the same date the incorporation is effective. The applicable statutory language does not expressly state that the officers will take office on that date, just that the election of such officers shall be "effective" on that date. Nonetheless, I am persuaded by the fact that the incorporation, if successful, would be effective in November but there would not be any duly authorized officers to act on behalf of the new municipality for over a month if the general statute applied. This would likely inform a court's statutory interpretation.
In my opinion, therefore, a court would likely interpret A.C.A. §14-38-115 to mean that the officers of a newly incorporated municipality elected concurrently with the vote for incorporation take office as soon the filing of the county judge's order rather than the following first of January.[1]
Question Two: Can a sitting member of the House ofRepresentatives run for a position on the city council of BellaVista and start serving on January 1, 2007?
In my opinion, the prohibition on being elected to a civil office under the State in Article 5, § 10 of the Arkansas Constitution would preclude such action if a court interpreted A.C.A. §14-38-115 as described in response to Question One.
Article 5, § 10 of the Arkansas Constitution states:
 No Senator or Representative shall, during the term for which shall have been elected, be appointed or elected to any civil office under this State.
Id. The Arkansas Supreme Court has interpreted the phrase "civil office under this State" to mean an office created under the civil law of this state in one of the three branches of government. State Bd. of Workforce Educ. v. King. 336 Ark. 409,985 S.W.2d 731 (1999). See also Williams v. Douglas,251 Ark. 555, 473 S.W.2d 896 (1971) (School director is a civil office under the state for the purposes of Article 5, § 10 prohibition);and Wood v. Miller, 154 Ark. 318, 242 S.W. 573 (1922) (municipal judge a civil office for the purposes of Article 5, § 10 prohibition). A member of a city council holds an "office" created under the laws of the state. See, e.g., Wood, supra
("Municipal offices are created by the statutes of the State and are therefore civil offices `under this State.'"); and Op. Att'y Gen. 2005-213. The prohibition lasts for the entire term for which the Representative or Senator was elected and will persist even if the Representative or Senator resigns. See,e.g., Op. Att'y Gen. 2005-183; Op. Att'y Gen. 2001-127; and
Op. Att'y Gen. 99-396.
Because a city council member holds an office under the state, the prohibition contained in Article 5, § 10 prohibits a sitting member of the House of Representatives from being elected to the city council during the entire pendency of the term of office for which the Representative was elected. Article 8, § 6 of the Arkansas Constitution specifies that the term of office for State Senators and Representatives begins on January 1st. Id. If, as I have opined above, city council members in the newly incorporated Bella Vista are to take office prior to this date, Article 5, § 10 would therefore prohibit the election of a sitting member of the General Assembly to the council.
If, however, a court found that officers of a newly incorporated municipality do not begin their tenure of service under A.C.A. §14-38-115 until January 1st, the Arkansas Supreme Court's decision in Johnson v. Darnell, supra would control. InDarnell, the Arkansas Supreme Court held that the prohibition found in Article 5, § 10 does not prohibit a sitting member of the General Assembly from being elected to a civil office under the State if the tenure of the latter office does not overlap with the State legislative term of office for which the sitting member was elected. If the term of office of the sitting Representative under Article 8, § 6 does not overlap with the tenure of service in the new office, there is no constitutional prohibition under Article 5, § 10.[2]
In my opinion, however, a court is more likely to hold that A.C.A. § 14-38-115 would allow the Bella Vista officers in question to take office prior to January 1, 2007, as discussed in response to Question One above, and this would therefore bar a sitting member of the General Assembly in 2006 from being elected to the city council of Bella Vista.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh
[1] All officers of a municipality are required to take the appropriate oath or affirmation prior to taking office. A.C.A. §14-42-106(a) (Supp. 2005).
[2] Although the terms of new legislators are to begin on January 1st under Article 8, § 6, traditionally, the newly elected legislators are not sworn in to office until the General Assembly convenes on the second Monday of January. See A.C.A. §10-2-101 (Repl. 2002). For the purposes of Article 5, § 10, the court in Johnson, supra, did not appear to be concerned with the brief hold over period after the expiration of the Representative's term but prior to the swearing in of his legislative successor at the commencement of the legislative session on the second Monday of January. Johnson, supra, may therefore stand as some authority for the proposition that this hold over period is not encompassed within the "term for which [a legislator] shall have been elected" under Art. 5, § 10. Seealso Op. Att'y Gen. 87-260.